Walter HARPER, Appellant,

v.

GENERAL GROCERS COMPANY, a/k/a Topmost General Grocers, Appellee.

No. 78–1558.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1978.

Decided Jan. 5, 1979.

Doris Gregory Black, St. Louis, Mo., filed brief for appellant.

Stephen M. Hereford, Gentry, Bryant & Hereford, Clayton, Mo., filed brief for appellee.

Before HEANEY and ROSS, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

HEANEY, Circuit Judge.

Walter Harper brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. § 1981, alleging that the termination of his employment with General Grocers, and its failure to inform him of application procedures necessary for advancement from temporary or "casual" employment status to regular or permanent employment status, were because of his race. The District Court, after a non-jury trial, held that Harper's discharge violated Title VII and § 1981, but that the Company's failure to notify him of advancement procedures did not. *Harper v. General Grocer Co.,* 451 F.Supp. 513 (E.D.Mo.1978). The court ordered that Harper be reinstated as a casual employee, and that he be offered the first regular employment position which became available. Since Harper adduced no evidence at trial of any monetary loss, the court declined to award back pay. *Id.* at 517–518. Harper appeals, contending that the relief ordered by the District Court is inadequate.[1] We affirm in part and reverse in part.

We adopt the statement of facts which is set forth in the District Court's memorandum opinion. *See id.* at 515–517. We will restate only those facts which are pertinent to the issue of the appropriateness of the relief granted.

Harper began his employment with General Grocers in September, 1968. He was hired as a casual employee, and worked only when work was available. No provision for job seniority among casual workers existed until 1973, when a collective bargaining agreement entered into by General Grocers and the employees' union established a seniority system for advancement from casual to regular employment status. Under this agreement, a casual seniority list was maintained by the Company, with places on the list awarded in the order that applications for regular employment were received. Harper submitted his application for regular employment on November 5, 1973, and was placed fourth on the list.

The three employees who were ahead of Harper on the casual seniority list were hired by the Company as permanent employees during the early months of 1974. By the time Harper was discharged on June 24, 1974, he had advanced to the first position on the list, and thus was the next casual employee in line for permanent em-

---

* The Honorable TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation, participated in the post-argument conference and concurred in this opinion prior to his death on December 21, 1978.

1. Harper, while discussing the inadequacy of the seniority relief ordered by the District Court, appears to also be challenging the court's finding that there was no discriminatory action in General Grocers' failure to inform him as to the application procedures necessary to advance from casual to permanent status. To the extent that Harper makes this argu-

ment, it is without merit. The District Court found that General Grocers was under no legal responsibility to explain the provisions of the collective bargaining agreement which established the procedure for advancement from casual to permanent employment status to union members. The court found that the employees' union, of which Harper was a member, was insistent that General Grocers not advise or explain union contracts to union members. *Harper v. General Grocer Co.,* 451 F.Supp. 513, 515–516 (E.D.Mo.1978). These findings are not clearly erroneous.

ployment. It appears from the record that on October 7, 1974, some four months after Harper's discharge, the casual employee who had been behind Harper on the casual seniority list was advanced to permanent employment.

Harper first contends that the seniority relief ordered by the District Court, which reinstates Harper as a casual employee and requires that he be offered the first available regular employee position is inadequate in that it does not assure that he will ever be hired on a regular basis. He contends that since he had advanced to the first position on the casual seniority list at the time of his unlawful discharge, and since the casual employee who was next on the list received regular employment on October 7, 1974, he should be entitled to immediate, regular employment, with seniority rights dating from October 7, 1974.

■ The parties agree that the scope of the relief which may be afforded to Harper in this case is governed by the general principles enunciated by the Supreme Court in *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed. 444 (1976) and *Albemarle Paper Company v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). One of the central purposes of Title VII is "to make persons whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Company v. Moody, supra* at 418, 95 S.Ct. at 2372. *Accord, Franks v. Bowman Transportation Co., supra* 424 U.S. at 763, 96 S.Ct. 1251. "To effectuate this 'make whole' objective, Congress [has] vested broad equitable discretion in the federal courts to 'order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement * * * with or without back pay * * *, or any other equitable relief as the court deems appropriate.'" *Id.* at 763, 96 S.Ct. at 1264.

■ An award of retroactive seniority, which places a victim of discrimination in that position in the seniority system that would have been his had the discriminatory act not occurred, is generally appropriate to redress a violation of Title VII. *See Team-* *sters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *Franks v. Bowman Transportation Co., supra,* 424 U.S. at 774, 96 S.Ct. 1251. Accordingly, a court must ordinarily award appropriate seniority relief unless there exists reasons for denying relief which, if applied generally, would not frustrate the Act's central purposes of eradicating discrimination and making persons whole for injuries suffered through past discrimination. *Teamsters v. United States, supra* 431 U.S. at 365, 97 S.Ct. 1843; *Franks v. Bowman Transportation Co., supra* 424 U.S. at 771, 96 S.Ct. 1251. Denial of seniority relief to a discriminatee who would otherwise appear to be entitled to such relief must be accompanied by a statement of reason therefor. *Franks v. Bowman Transportation Co., supra* at 774, 96 S.Ct. 1251.

■ In the instant case, the District Court ordered that Harper be placed first on the casual seniority list, and that he be offered the first permanent position which becomes available. The court made no mention, however, as to what seniority rights Harper would enjoy upon his promotion to permanent employee status. Since no reasons for the denial of retroactive seniority appear in this case, we hold that, upon Harper's appointment to the first available permanent position, he should be awarded retroactive seniority back to October 7, 1974, the date when he presumably would have been appointed to permanent employee status but for his unlawful discharge.

■ We reject, however, Harper's contention that he should be immediately appointed as a permanent employee. The permanent position to which Harper seeks immediate appointment is now held by another employee, and has been so held since October 7, 1974. In striking the proper balance between the competing interests of discriminatees and other employees, including determination of the extent to which the legitimate expectations of nonvictim employees should determine when victims are restored to their rightful place, basic

principles of equity must be controlling. *Teamsters v. United States, supra* 431 U.S. at 374–375, 97 S.Ct. 1843. Such equitable determinations are best left, in the first instance, to the sound discretionary judgment of the District Court. *See id.* at 376, 97 S.Ct. 1843. Although Harper's immediate appointment to the permanent position now held by another employee would afford Harper the most complete relief, we cannot say that the District Court's refusal to order such relief was an abuse of discretion under this record. *See Reed v. Arlington Hotel Company, Inc.,* 476 F.2d 721, 726 (8th Cir.), *cert. denied,* 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 103 (1973); *Gamble v. Birmingham Southern Railroad Co.,* 514 F.2d 678, 683 (5th Cir. 1975). We also note. that no other permanent employees can be appointed unless Harper is first appointed, and that Harper is always free to return to the District Court if he believes that the spirit of the court's order is being violated by some subterfuge.

Harper next contends that the District Court erred in failing to award him back pay. He concedes that he had the burden of proving loss of earnings, and that by introducing no such evidence during trial, he failed to carry that burden. He contends, however, that in the absence of such proof, the District Court could nonetheless have calculated an award of back pay, using the guidelines in *Stewart v. General Motors Corp.,* 542 F.2d 445, 452 (7th Cir. 1976), *cert. denied,* 433 U.S. 919, 97 S.Ct. 2995, 53 L.Ed.2d 1105 (1977). Assuming, arguendo, that the District Court could have made such an award, its failure to do so was certainly not an abuse of discretion. It had no way of knowing the extent of Harper's earnings as a casual employee of the Company or as an employee of another employer, if there was one.

Alternatively, Harper contends that his post-judgment motion, requesting a hearing for the purpose of determining back pay, should have been granted. Since there is no indication in the record that Harper requested that the trial of the liability and the damage issues be bifurcated, or

that he was led to believe that such was the case, and since the motion failed to set forth facts indicating the nature and the extent of the wage loss, the District Court's denial of Harper's motion did not constitute an abuse of discretion. *See Albemarle Paper Co. v. Moody, supra.*

The order of the District Court is therefore affirmed in part and reversed in part. The District Court is directed to modify its decree to injunctive relief as required by this opinion.