739 F.2d 344
 37 Fair Empl.Prac.Cas. 57, 34 Empl. Prac.
Dec. P 34,534,
19 Ed. Law Rep. 38
 Robert M. BRISENO, Appellee,
v.
CENTRAL TECHNICAL COMMUNITY COLLEGE AREA, Appellant,
Robert Buckley, Merle Anderson, Irvin Schwartz, Samuel
Heltman, Chester Marshall, Dr. Glen Auble, Verne Moseman,
Robert Schnuelle, Ron Krejci, Robert Walgren, Kenneth
Wortman, as Members of the Board of Governors and
Individually, Dr. Chester H. Gausman, Individually and as
C.T.C.C.A. Area President, Larry Keller, Individually and as
C.T.C.C.A. Chief Executive, James Dutcher, Individually and
as C.T.C.C.A. Cluster Chairperson-Industrial Occupation and
Related Studies, Appellants.
Douglas Adler, Individually and as C.T.C.C.A. Personnel Manager.
 No. 83-2656.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 13, 1984.
Decided July 17, 1984.
 
 Walter M. Calinger, Omaha, Neb., for appellee.
 Cline, Williams, Wright, Johnson & Oldfather, David R. Buntain, Lincoln, Neb., for appellants.
 Before LAY, Chief Judge, HEANEY, Circuit Judge, and COLLINSON,* Senior District Judge.
 HEANEY, Circuit Judge.
 
 
 1
 The Central Technical Community College Area and several of its officials appeal from the district court's judgment in favor of Robert M. Briseno in this employment discrimination action. We affirm the district court's holding that Briseno was the victim of disparate treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(a)(1) (1976), and modify the relief granted.
 
 
 2
 Briseno has worked in the construction industry since the 1950s. In December of 1976, the Central Technical Community College Area offered him a position as a part-time instructor in construction technology at its Grand Island, Nebraska, campus. He began teaching night courses in January of 1977, and also assisted in designing construction technology classes for the day program at the Grand Island campus. When the day program was instituted, Briseno taught five mornings and two nights each week. He conducted courses in cabinet making, basic carpentry, furniture finishing and rebuilding, and building maintenance carpentry. He continued to work under this arrangement until the fall of 1979, with a five and one-half month absence during the spring and summer of that year for corrective surgery on a back problem which developed as a result of a 1973 automobile accident. Evaluations of Briseno's performance by defendant James Dutcher, chairperson for the "cluster" of courses including industrial and related studies at the Grand Island campus, were all favorable except for some reservations about his physical problems prior to the 1979 corrective surgery.
 
 
 3
 In 1979, the defendants decided to upgrade the construction technology program at the Grand Island campus. Defendants Dutcher and Larry Keller, president of the Grand Island campus, submitted a request to the college administration to replace the part-time position with a full-time instructor. The request was granted, and the college advertised the position in newspapers in Grand Island, Kearney, and Columbus, Nebraska. Briseno and nine others applied for the job. Keller and Dutcher narrowed the field to three, including Briseno. After interviewing the three, reviewing their applications, and checking some of their references, Keller and Dutcher recommended, and the college hired, James Plambeck. Briseno was told by Dutcher that Plambeck had superior qualifications, especially in terms of recent experience in the field. Briseno met with Keller two weeks after the decision to dispute Plambeck's qualifications. He accused Keller of discriminating against him because he was a Mexican-American, and informed Keller of plans to file a charge of illegal discrimination. Keller allegedly then told Briseno that all the Mexicans hired by the college caused trouble. The district court found Keller's denial of this statement at trial "unconvincing."
 
 
 4
 After exhausting state and federal administrative remedies, Briseno filed the present action alleging discrimination based on race and national origin in violation of Title VII, and 42 U.S.C. Secs. 1981 and 1983 (1976 & Supp. V 1981). The case was tried before the court. In its memorandum decision and order, the court applied the standards set forth under Title VII to each of Briseno's claims. It found that Briseno proved disparate treatment under Title VII by submitting a prima facie case of discrimination and then proving that the defendants' articulated legitimate, nondiscriminatory reason for rejecting Briseno--Plambeck's superior qualifications--was pretextual.[1]
 
 
 5
 The court granted the parties additional time to submit evidence regarding appropriate relief and attorneys' fees. After reviewing these submissions, the court awarded the plaintiff $52,354.72 in back pay; reinstatement by the college at a salary no less than Plambeck's 1983-1984 salary for at least four years, subject to the following conditions:
 
 
 6
 (1) the defendants [may] require the plaintiff to perform the duties of any full-time or part-time teaching position which [becomes] vacant at any of the defendant college's campuses and for which the plaintiff [is] then qualified;
 
 
 7
 (2) the defendants [are] required to place the plaintiff in the position of full-time instructor of construction technology of the Grand Island campus of the defendant college, if that position [becomes] vacant, or the equivalent of that position if such equivalent [becomes] available at any of the campuses of the defendant college, and
 
 
 8
 (3) the plaintiff could be terminated from any position afforded the plaintiff under (2) above for just cause only, as that term is used in Sec. 79-1254.02, R.R.S. Neb. 1943, as amended;
 
 
 9
 (4) placement under (2) at any time would continue to the end of the four-year period after the placement on the payroll, unless the plaintiff were terminated for cause; if such termination occurred, the plaintiff could be removed from the payroll[;]
 
 
 10
 and $19,559.11 in attorneys' fees and expenses. The court later denied the defendants' motion for a new trial or to reopen the judgment. This appeal followed.
 
 
 11
 The defendants make three arguments on appeal:
 
 
 12
 First, that the district court erred in its ultimate factual determination of intentional discrimination. They claim that Plambeck was better qualified for the full-time teaching position and that the court should not have substituted its judgment for their academic opinion.
 
 
 13
 Second, that the district court erred in excluding from evidence letters and determinations by the Office for Civil Rights of the Department of Health, Education and Welfare, the Nebraska Equal Opportunity Commission (NEOC), and the Equal Employment Opportunity Commission (EEOC) which found no reasonable cause to believe the defendants discriminated against the plaintiff.
 
 
 14
 Third, that the court's award of prospective relief to the plaintiff was excessive in that it may result in Briseno's automatic tenure under Nebraska's continuing contract law.
 
 
 15
 We agree that the defendants intentionally discriminated against Briseno because of his national origin. We affirm the district court's order with respect to back pay and attorneys' fees, but modify the order with respect to reinstatement and front pay.
 
 
 16
 (1) The record supports the district court's finding that the defendants' alleged reason for preferring Plambeck was pretextual. Besides the court's detailed comparison of the relative qualifications of Plambeck and Briseno, the defendants' perfunctory treatment of the plaintiff's application and Keller's discriminatory remark following the decision not to hire the plaintiff are strong evidence of intentional discrimination based on his national origin.
 
 
 17
 (2) The circuits have split on the question of admitting administrative findings into evidence in employment discrimination trials. See Coleman v. City of Omaha, 714 F.2d 804, 807 & n. 4 (8th Cir.1983). A panel of this Court recently joined those circuits which hold that such evidentiary decisions should be left to the sound discretion of the trial court, at least in section 1981 actions. Johnson v. Yellow Freight System, Inc., 734 F.2d 1304, at 1309 (8th Cir.1984). We would find no abuse of discretion in the court's decision below under this standard. Moreover, assuming that the district court should have admitted the proffered evidence as probative of the defendants' liability, any error in this regard would be harmless given the independent evidence of discrimination presented de novo at trial.
 
 
 18
 (3) A district court is obligated to grant a plaintiff who has been discriminated against on account of his race or national origin the most complete relief possible. Franks v. Bowman Transportation Co., 424 U.S. 747, 764, 96 S.Ct. 1251, 1264, 47 L.Ed.2d 444 (1976); Albemarle Paper Co. v. Moody, 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975); Harper v. General Grocers Co., 590 F.2d 713, 716 (8th Cir.1979). "To effectuate this 'make whole' objective, Congress [has] vested broad equitable discretion in the federal courts * * *." Franks v. Bowman Transportation Co., supra, 424 U.S. at 763, 96 S.Ct. at 1263. This discretion permits a district court to limit relief so that innocent incumbent employees will not be displaced. Spagnuolo v. Whirlpool Corp., 717 F.2d 114, 121 (4th Cir.1983).
 
 
 19
 Notwithstanding a district court's broad discretion, we believe that the relief ordered by the district court here is at once too broad and too narrow--too broad in that it appears to give Briseno immediate status as a permanent employee rather than a probationary one, and too narrow in that it appears to limit Briseno's right to employment or "front pay" to a period of four years. If Briseno had been hired for the full-time position, he would have been hired as a probationary employee. We cannot award him a tenured position, a position which is significantly different than he would have received had he not been discriminated against and had he been hired for the job in question.
 
 
 20
 In our view, Briseno is entitled to be placed in a position comparable to the one that he was denied because of his national origin, with his seniority and other rights to be determined as of the date that he was denied employment.[2] Briseno has not as yet been assigned to such a position. On remand, he is entitled to be so assigned. If no vacancy exists at that time, Briseno is entitled to receive a monthly payment equal to the difference between what he would have earned in a comparable position and the amount that he earns in mitigation of damages. He is moreover entitled to continue to receive these payments until he is placed in a comparable position, whether that placement occurs within four years from the date of discrimination or not.
 
 
 21
 Once he is placed in a comparable position, Briseno is subject to dismissal for the same reasons as other probationary employees, provided, of course, that the defendants must act in good faith. Briseno cannot be terminated because of his race or national origin nor because he initiated these proceedings. Moreover, he cannot be terminated on the grounds that the position which he is filling is being terminated unless Plambeck and any employees in comparable positions with less seniority are first terminated. Moreover, Briseno is free to return to the district court if he feels that the spirit of the district court's order or this opinion is being violated by some subterfuge. Harper v. General Grocers Co., supra, 590 F.2d at 717. If this order is carried out, Briseno will receive precisely what he would have received if he had not been discriminated against--no more and no less. All that is required is good faith compliance by all concerned.
 
 
 22
 Affirmed in part and remanded.
 
 
 
 *
 THE HONORABLE WILLIAM R. COLLINSON, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation
 
 
 [1]
 The court also found for Briseno under a disparate impact analysis because the defendants' use of subjective hiring criteria had resulted in fewer Hispanic hires than the percentage of Hispanics in the community college area and the evidence did not support the defendants' claim that the disparate impact was because of their reliance on necessary, job-related qualifications. We need not reach this question on appeal
 
 
 [2]
 The district court has properly defined those positions which are comparable