**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant,**

v.

**M.D. PNEUMATICS, INC., Appellee.**

No. 85–1168.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1985.

Decided Dec. 6, 1985.

Justine S. Lisser, EEOC, Washington, D.C., for appellant.

Ransom A. Ellis, III, Springfield, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

McMILLIAN, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals from a final order entered in the District Court for the

Western District of Missouri denying retroactive seniority to three employees who were the victims of unlawful sex discrimination by M.D. Pneumatics, Inc. (Pneumatics). For reversal EEOC argues that the district court abused its discretion in refusing to award retroactive seniority. For the reasons discussed below, we reverse and remand the case to the district court for further proceedings consistent with this opinion.

Pneumatics is a manufacturing concern in Springfield, Missouri, which employs approximately 150 employees. EEOC brought suit against Pneumatics in July 1979, alleging that the company in violation of Title VII discriminated against women in its hiring practices and in its use of selection criteria that had a disparate impact on women.

After ordering that the issues of liability and relief be bifurcated, the district court held a hearing on liability during September 1983. EEOC presented statistical, circumstantial and direct evidence of widespread discrimination against women. The district court found that there were no special skills required for the entry level jobs, women were routinely denied interviews, women were denied jobs while similarly qualified men were hired, and unskilled men were hired where more highly skilled women were rejected. The court also found that statements of Pneumatics' president constituted direct evidence of discriminatory intent. These included remarks such as "it's going to be a cold day in hell before we really have women in this plant."

Following the district court's order on liability, EEOC and Pneumatics entered into a partial consent decree regarding relief. This decree provided for back pay with prejudgment interest, the establishment of a priority hiring list, and other prospective remedial provisions, such as hiring goals, elimination of discriminatory entry level job qualifications and the institution of nondiscriminatory employee selection procedures.

The only issue left outstanding by the consent decree was whether the women who accepted employment from the priority hiring list were also to be awarded retroactive seniority. The parties submitted this issue to the district court for resolution. Pneumatics argued that its post-trial actions obviated the need for retroactive seniority. These actions included the renovation of the women's restroom facilities, construction of a women's locker room, revision of employment forms and interview procedures to comply with EEOC guidelines, informing employees of the federal laws prohibiting employment discrimination, installing new equipment, extensive training of supervisory employees, provision of additional accommodations for disabled employees and visitors, and the hiring of a new personnel manager and president.

The district court refused to grant retroactive seniority. The court stated that the company "had gone the extra mile in remedying its past discrimination." *Equal Employment Opportunity Commission v. M.D. Pneumatics, Inc.*, No. 79–318–CIV–S–4, slip op. at 1 (W.D.Mo. Nov. 27, 1984). The court also ruled that there was "no evidence in the case from which a reasonable determination could be made as to a date on which a class member might have been hired absent the sex discrimination which was then practiced by defendant." *Id.*

EEOC argues that the district court abused its discretion in refusing to award retroactive seniority to three women employees who were hired by Pneumatics from the priority list and who are still employed by Pneumatics. EEOC argues that the district court's discretion to fashion a remedy for Title VII violations is not unbounded but must be exercised consistently with the remedial aims of Title VII, and one of these remedial aims is the making whole of persons aggrieved by unlawful discrimination. Citing *Briseno v. Central Technical Community College Area*, 739 F.2d 344, 347–48 (8th Cir.1984) (*Briseno*), EEOC argues that a district court is obligated to grant a plaintiff who has been discriminated against the most complete relief possible.

Pneumatics argues that the district court did not abuse its discretion in denying retroactive seniority because retroactive seniority was not necessary to remedy the violations of Title VII found by the district court. Pneumatics argues that its seniority system is neither competitive nor "benefit" in nature; therefore, seniority at the company facility has little tangible value to the employees. Pneumatics argues that selection for promotions or layoffs is not made solely on the basis of seniority; the skill and ability of the employee is also considered. Pneumatics also expressed concern about the effect of the imposition of retroactive seniority on other employees because the plant's employees have "historically jealously protected their seniority position." Brief of Appellee at 8. Lastly Pneumatics argues that it has engaged in a concerted, good faith effort to rectify and revise its practices and procedures which violated Title VII; and therefore, the three women have been made whole for any discriminatory act found by the district court.

█ We hold that the district court abused its discretion in denying retroactive seniority. "The district court is obligated to grant a plaintiff who has been discriminated against ... the most complete relief possible." *Briseno,* 739 F.2d at 347; *see Franks v. Bowman Transportation Co.,* 424 U.S. 747, 764, 96 S.Ct. 1251, 1264, 47 L.Ed.2d 444 (1976). A plaintiff is "entitled to be placed in a position comparable to the one that he [or she] was denied ... with his [or her] seniority and other rights to be determined as of the date that he [or she] was denied employment." *Briseno,* 729 F.2d at 348. Imposition of retroactive seniority is required in the present case in order to make the identified victims of the discrimination whole. The district court offers no compelling reasons for the denial of the retroactive seniority. Pneumatics' effort to remedy the effects of its past discrimination, although commendable, are not the kind of compelling reasons which justify the denial of retroactive seniority.

█ EEOC also argues that there was ample evidence in the record from which to compute retroactive seniority dates. The district court found to the contrary. EEOC argues that there were detailed exhibits documenting the application dates of male and female employees and the hiring dates of male employees. EEOC argues that Pneumatics' exhibits demonstrated that each of the three women employees, for whom retroactive seniority is sought, applied for jobs within a reasonable period of a subsequent male hire.

In *Easley v. Anheuser Busch, Inc.,* 758 F.2d 251, 263–64 (8th Cir.1985), this court affirmed an award of backpay and seniority computed from the date applicants would have been hired absent discrimination by the employer. The district court in *Easley* determined that a female applicant would have been hired on the date, following her application, that the company hired male applicants. The district court, in order to compute backpay and seniority, only needed information about the women's date of application, the date the women were determined to be qualified for the job and the dates that men were hired.

The district court in the present case either has this information in the record or can secure the information from the parties.

Accordingly, we reverse and remand for proceedings consistent with this opinion.