**Ruth Ann KING, Appellant,**

v.

**Carolyn STALEY in her official capacity as Pulaski County Clerk, Appellee.**

No. 86–2529.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1988.

Decided June 28, 1988.

James E. Smedley, Little Rock, Ark., for appellant.

Robert Keller Jackson, Little Rock, Ark., for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Ruth Ann King appeals from a final judgment entered in the District Court for the Eastern District of Arkansas finding in her favor on her claim of racial discrimination but denying some aspects of her requested relief. The district court found that King had been the victim of racial discrimination when denied promotion from Accounting Technician to Accounting Supervisor of the Clerk's Office of Pulaski County, Arkansas, and when subsequently terminated. *King v. Smith,* Civ. No. LR–C–83–679 (E.D.Ark. Nov. 6, 1985) [available on WESTLAW, 1985 WL 5290]. Nevertheless, the district court refused to award King backpay and frontpay based upon the salary of an Accounting Supervisor. *Id.* (Sept. 29, 1986) [available on WESTLAW, 1986 WL 1138]. For reversal, King argues the district court erred in failing to award her backpay and frontpay based upon the salary of an Accounting Supervisor. For the reasons discussed below, we affirm in part, reverse in part, and remand with directions.

I

King, a Black female, instituted this employment discrimination case pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, on August 3, 1983, against Shirley Smith in her official capacity as Pulaski County Clerk. King alleged that she had been denied promotion from Accounting Technician to Accounting Supervisor on March 29, 1982, and terminated from her employment with the Pulaski County Clerk's Office on June 24, 1982, on the basis of her race. King had been employed with the Clerk's office for fourteen years.

The district court conducted a trial on King's complaint during the week of September 17, 1984. Subsequently, the newly elected county clerk, Carolyn Staley, was substituted as a defendant. On November 6, 1985, the district court entered a memorandum opinion concluding that King had been denied promotion and terminated because of her race. *Id.* The district court reserved ruling on the appropriate remedy pending negotiation by the parties. *Id.* The parties were unable to agree upon a remedy and on May 30, 1986, the district court ordered the parties to file a stipulation concerning King's backpay. *Id.* (May 30, 1986). This stipulation revealed that if King should have been promoted to the position of Accounting Supervisor, she would be entitled to $21,451.26 in backpay as of May 30, 1986.

Appellee then requested a hearing on whether King had waived her right to reinstatement by refusing a job offer from the County and whether King had failed to mitigate damages. At the conclusion of this hearing on September 29, 1986, the district court found that King had made diligent efforts to mitigate her damages and had not waived her entitlement to reinstatement. The district court further ordered that King should (1) be reinstated as an Accounting Technician at the first available vacancy, (2) be afforded the opportunity to fill the position of Accounting Supervisor when the next vacancy occurs, and (3) receive backpay based on King's salary as an Accounting Technician in the amount of $13,234.72. *Id.* (Sept. 29, 1986).

On October 9, 1986, King filed a motion for reconsideration because the district court failed to grant her backpay and front-pay on the basis of an Accounting Supervisor's salary. The district court denied this motion. *Id.* (Nov. 7, 1986). This appeal followed.

## II

King does not challenge that portion of the district court's ruling reinstating her to the position of Accounting Technician and providing that she should be promoted to Accounting Supervisor only if a position becomes vacant. Rather, King challenges the district court's failure to base her backpay award on the salary level of an Accounting Supervisor and to award her frontpay on this basis. King concedes that reinstatement to the position of Accounting Technician coupled with a backpay award based on that position adequately remedied her racially motivated dismissal. Nevertheless, King argues that merely requiring that she be placed in the position of Accounting Supervisor should a position arise does not adequately remedy the racially motivated denial of her promotion. We agree.

"A district court is obligated to grant a plaintiff who has been discriminated against on account of his [or her] race ... the most complete relief possible." *Briseno v. Central Technical Community College Area,* 739 F.2d 344, 347 (8th Cir.1984); *see also Franks v. Bowman Transportation Co.,* 424 U.S. 747, 764, 96 S.Ct. 1251, 1264, 47 L.Ed.2d 444 (1976); *EEOC v. Rath Packing Co.,* 787 F.2d 318, 329 (8th Cir. 1986). "There is a strong presumption that persons who have been discriminated against are entitled under Title VII to backpay." *Rath Packing,* 787 F.2d at 329. This presumption is overcome only "for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975).

Applying these principles to the facts before us, we are left with the firm conviction that the district court abused its discretion in failing to award King backpay and frontpay based on the salary of an

Accounting Supervisor, the position that King would now hold but for racial discrimination. King "is entitled to be placed in a position comparable to the one that [s]he was denied" because of her race. *Briseno,* 739 F.2d at 348. The district court did not abuse its discretion in refusing to promote King to the position of Accounting Supervisor because to do so would have injured an innocent incumbent. *Id.* Nevertheless, King is entitled to receive backpay equal to the difference between what she would have earned as an Accounting Supervisor and the amount that she earned in mitigation of damages. Moreover, King is entitled to frontpay on this basis until she is placed in a comparable position or declines an offer of comparable employment. This award is equitable and necessary to carry out Title VII's "central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination." *Albemarle Paper,* 422 U.S. at 421, 95 S.Ct. at 2373.

Accordingly, the judgment of the district court is affirmed in part, reversed in part, and the case is remanded with directions to award King backpay and frontpay based upon the salary of an Accounting Supervisor.