**Leydel WILLIS, Plaintiff,**

v.

**WATSON CHAPEL SCHOOL DISTRICT, et al., Defendants.**

**No. Civ. PB–C–84–216.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

Oct. 12, 1990.

Clayton R. Blackstock, Mitchell & Roachell, and Marcia Barnes, Little Rock, Ark., for Leydel Willis.

Michael J. Dennis, Bridges, Young, Matthews, Holmes & Drake, Pine Bluff, Ark., for School Dist.

Dan Bufford, Little Rock, Ark., Laser, Sharp, Mayes, Wilson, Bufford, & Watts, P.A., for Knight & Stuart.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

The Eighth Circuit Court of Appeals remanded this matter for computation of back pay and front pay by an order dated April 2, 1990. 899 F.2d 745. Pursuant to the April 2, 1990 order this court has reviewed this matter at length. The two issues before this court will be discussed separately.

### FRONT PAY

The Eighth Circuit directed that the Watson Chapel School District's (the School) salary scale should provide the district court with adequate guidance to calculate the plaintiff's front and back pay awards. Any ambiguities in the amount owed should be resolved against the school. *Henry v. Lennox Indus.*, 768 F.2d 746 (6th Cir.1985); *Horn v. Duke Homes*, 755 F.2d 599, 607 (7th Cir.1985).

Front pay has been defined as "an affirmative order designed to compensate the plaintiff for economic losses that have not occurred as of the date of the court decree, but that may occur as the plaintiff works toward his or her rightful place." *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1158 (6th Cir.1985), *quoting* Note, *Front Pay—Prophylactic Relief under Title VII of the Civil Rights Act of 1964*, 29 Vand.L. Rev. 211, 212 (1976). In the current case there are a finite number of Junior High Principal positions. Promoting the plaintiff to Principal would bump an incumbent out of such a position. This would place the responsibility for the discriminatory acts on the incumbent and not on the School.

Front pay is a substitute for immediate promotion or reinstatement which cannot occur because there are no positions currently available. *Pitre v. Western Electric*, 843 F.2d 1262 (10th Cir.1988).; *Cf. Bruno v. Western Electric Co.*, 829 F.2d 957, 966 (10th Cir.1987). Since an immediate promotion is impracticable this court must fashion an appropriate award of front pay.

■ The plaintiff will receive as front pay the difference between her current salary as Assistant Junior High Principal and the salary of a Junior High Principal. This will be determined by consulting the School's pay scale for Junior High Principal's and ascertaining the correct grade and step level of such a position. This award will increase in proportion to the increase of a Junior High Principal's salary at the School. The front pay award will continue until the plaintiff is placed into the position of a Junior High Principal.

The School is hereby ordered to begin these payments on November 1, 1990. The front pay award will be paid monthly.

This determination of front pay places the plaintiff in the position she would be in absent the School's discriminatory acts. "[A]s a prospective make-whole remedy, front pay at best 'can only be calculated through intellectual guesswork'." *Deloach v. Delchamps*, 897 F.2d 815 (5th Cir.1990); *quoting Sellers v. Delgado College*, 781 F.2d 503, 505 (5th Cir.1986). Due to the speculative nature of front pay district courts are allowed wide latitude in fashioning such remedies. *Sellers supra.*

The court is conscious of the adverse fiscal effect that a continuing award of front pay may have on a school district. The court is well aware of the financial problems that are plaguing this state's school districts. Nevertheless the decision of the Eighth Circuit on this case is unequivocally clear in directing this court to award and compute front pay.

### BACK PAY

■ The parties filed a Stipulation of Fact on June 28, 1990, which listed the salaries of the plaintiff and a Junior High Principal (JHP) for the years 1983–1990. The salaries contained in the stipulation are as follows.

| YEAR | JHP SALARY | WILLIS SALARY | BALANCE |
|------|-----------|---------------|---------|
| 1983–84 | $ 28,708.00 | $ 20,260.00 | $ 8,448.00 |
| 1984–85 | $ 30,430.00 | $ 21,460.00 | $ 8,970.00 |
| 1985–86 | $ 32,452.00 | $ 22,295.00 | $10,157.00 |
| 1986–87 | $ 35,490.00 | $ 23,600.00 | $11,890.00 |
| 1987–88 | $ 37,928.00 | $ 25,600.00 | $12,328.00 |
| 1988–89 | $ 39,635.00 | $ 26,125.00 | $13,510.00 |
| 1989–90* | $ 41,500.00 | $ 35,561.00 | $ 5,939.00 |
| TOTAL | $246,143.00 | $174,901.00 | $71,242.00 |

\* Willis was employed as a teacher in the years 1983–1989 under a nine month contract. In 1989–90 she was employed as Assistant JHP.

There is a strong presumption that persons who have been discriminated against are entitled under Title VII to back pay. *King v. Staley*, 849 F.2d 1143 (8th Cir. 1988); *EEOC v. Rath Packing*, 787 F.2d 318, 329 (8th Cir.1986); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 420–421, 95 S.Ct. 2362, 2372–73, 45 L.Ed.2d 280 (1975). This court found that the School intentionally discriminated against the plaintiff because of her sex. Pursuant to that finding and the direction of the Eighth Circuit the plaintiff will receive $71,242.00 as back pay. This award is based on the calculations of what the plaintiff actually made as income from the School and what she would have made absent the discriminatory practices of the School. "Back pay is a fundamental remedy and should be denied only in extraordinary circumstances." *Wells v. Meyers Bakery*, 561 F.2d 1268, 1272 (8th Cir.1977).

■ The defendant argues that the plaintiff's back pay award should be offset by the money she earned as a school bus driver as interim earnings pursuant to 42 U.S.C. § 2000e–5(g). There is no indication in the record that working as a school bus driver supplanted the plaintiff's position as a teacher. The position of school bus driver appears to be a supplemental or "moonlighting" job for the plaintiff. If the supplemental or moonlighting job is one that the discriminatee cannot perform when he wins his new position, the supplemental job "is necessarily temporary, provisional or 'interim'. By contrast, if one can hold his supplemental job and his desired full time job simultaneously and there is reason to believe he will do so, the supplemental job assumes a permanent rather than interim nature." *Bing v. Roadway Express*, 485 F.2d 441, 454 (1973). The plaintiff's award of backpay should not be reduced by the money she earned "moonlighting" as a school bus driver. *Behlar v. Smith*, 719 F.2d 950 (8th Cir.1983); *Bing v. Express*, 485 F.2d 441 (1973). The defendant has failed to adequately prove that the plaintiff could not moonlight in such a position while working as an administrator with the school.

The School argues that the plaintiff's award of back pay should be reduced because as a teacher she worked 9 months each year and the Administrative positions required 10 and ½ or 12 months. This court will not reduce the back pay award on this basis. If the plaintiff had not been discriminated against she would have worked in a higher paying position for a longer period of time each year. Ambiguities in what the plaintiff would have earned but for the discrimination should be resolved against the School. *Horn v. Duke Homes, Div. of Windsor Mobile Homes*, 755 F.2d 599 (1985); *Stewart v. General Motors Corp.*, 542 F.2d 445 (7th Cir.1979).

## INTEREST

■ As stated earlier this court is well aware of the fiscal difficulties facing

**926**

schools in Arkansas. This court is also aware of the interest of the public in making whole the victims of discrimination.

"[A]ll the United States Courts of Appeals that have considered the question agree, that Title VII authorizes prejudgment interest as part of the backpay remedy in suits against private employers. This conclusion surely is correct." *Loeffler v. Frank,* 486 U.S. 549, 557–58, 108 S.Ct. 1965, 1970–71, 100 L.Ed.2d 549 (1988). Prejudgment interest, of course, is "an element of complete compensation." *Loeffler,* 486 U.S. at 558, 108 S.Ct. at 1971; *West Virginia v. United States,* 479 U.S. 305, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987).

The plaintiff will receive interest on the back pay at the rate of 6%. Plaintiff calculated this rate in exhibit A to her Brief in Support of Motion for Award of Backpay and Front Pay filed June 26, 1990. The plaintiff is entitled to $13,841.03 in prejudgment interest calculated at the rate of 6% compound interest. See Exhibit A to plaintiff's June 26, 1990 brief. After reviewing this matter extensively the court has determined that interest at this rate will make the plaintiff whole by placing her in the position she would have been in but for the defendant's discrimination.

A separate order will be entered pursuant to this opinion.

### ORDER

Pursuant to the Memorandum Opinion entered this date in the above styled and numbered case,

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the plaintiff is awarded Front Pay on a monthly basis as described in the Memorandum Opinion until she is placed into the position of Junior High Principal.

IT IS FURTHER ORDERED that the plaintiff will receive Back Pay in the amount of $71,242.00 and in addition prejudgment interest in the amount of $13,-841.03.