Robert GOFF, Jr., Appellant,

v.

USA TRUCK, INC. (formerly CPI, Inc.), Appellee.

No. 90-1793.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 29, 1990.

Decided April 2, 1991.

Willard Proctor, Jr., Little Rock, Ark., for appellant.

Robert Y. Cohen II, Fort Smith, Ark., for appellee.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Robert Goff, Jr., a successful Title VII claimant, appeals the district court's[1] refusal to award him backpay. Goff argues that in spite of his failure to present any evidence on the issue at trial, he is entitled to backpay because there were no extraordinary factors present to vitiate such an award. Goff asks that the case be remanded for an evidentiary hearing to determine the amount of backpay damages. We affirm.

■ Once a finding of discrimination has been made, "backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975). In keeping with the directive that " 'every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings,' " backpay claims may be raised after trial. *Id.* at 424, 95 S.Ct. at 2375 (quoting Fed.R.Civ.P. 54(c)). A party may not be entitled to backpay, however, if procedural irregularity in prosecuting the claim results in prejudice to the other party. The denial of backpay in such a case does not offend the broad purposes of Title VII. Whether the other party was in fact prejudiced and whether the claimant's trial conduct was excusable are questions open to review on appeal. *Id.* The standard of review is "the familiar one of whether the District Court was 'clearly erroneous' in its factual findings and whether it 'abused' its traditional discretion to locate 'a just result' in light of the circumstances peculiar to the case." *Id.*

In *Harper v. General Grocers Co.,* 590 F.2d 713 (8th Cir.1979), we found no abuse of discretion in the district court's denial of backpay where the plaintiff failed to introduce any evidence on the claim at trial. We also affirmed the denial of a post-judgment motion for a hearing on the claim, because there was no indication in the record that the plaintiff had requested, or was led to believe, that the trial would be bifurcated on the issues of liability and damages, and the motion failed to set forth facts indicating the nature and extent of wage loss. *Id.* at 717.

■ As in *Harper,* there is no indication in the instant record that the issues of liability and damages were to be bifurcated. Goff has never argued that his failure to present evidence on the backpay claim was excusable. Under these circumstances, we conclude that the district court did not abuse its discretion in refusing to award backpay. We also conclude that

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the West-

ern District of Arkansas.

Goff is not entitled to an evidentiary hearing on the claim at this stage of the proceedings. Accordingly, the judgment of the district court is affirmed.