# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1477

_____

|  |  |  |
|---|---|---|
| William F. Glover, | * |  |
|  | * |  |
| Appellant, | * |  |
|  | * | Appeal from the United States District |
| v. | * | Court for the Eastern District of Missouri. |
|  | * |  |
| McDonnell Douglas Corporation, | * |  |
|  | * |  |
| Appellee. | * |  |
|  | * |  |

_____

Submitted: March 17, 1998
Filed: July 29, 1998

_____

Before BEAM, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

BEAM, Circuit Judge.

William F. Glover claims that the district court erred in calculating his back pay
award. We do not reach Glover's arguments, but remand for recalculation of the award.


I.      BACKGROUND

This age discrimination case has a long history that need not be repeated here. See Glover v. McDonnell Douglas Corp., 12 F.3d 845 (8th Cir. 1994).  This appeal

involves only the district court's calculation of the back pay due after a jury found that McDonnell Douglas had discriminated when it discharged Glover. After an appeal, this action was remanded for entry of judgment and calculation of Glover's award. See id. at 849.

The district court entered judgment on January 7, 1994. After more than a year, and following repeated prodding by the district court, the parties filed a joint stipulation of facts and areas of disagreement. The parties requested leave to submit brief memoranda on the issues about which they differed. Months passed. When nothing was filed, the district court contacted counsel, and set a deadline for the filing of briefs. Glover's counsel again sought extensions, but then failed to file a brief. The district court ultimately calculated Glover's award without the benefit of a brief from Glover. Nineteen days later, Glover filed the first of a flurry of motions disputing the district court's computation of his back pay award on numerous grounds. The district court denied those motions, and Glover appeals.

## II.    DISCUSSION

Glover asserts that the district court made six separate errors in computing his back pay award. We will not consider the merits of these allegations, however, because Glover failed to present his arguments to the district court. We have often explained that arguments not presented to the court below will not be considered on appeal. See, e.g., Roth v. G.D. Searle & Co., 27 F.3d 1303, 1307 (8th Cir. 1994). The record shows that the district court repeatedly solicited Glover's input regarding back pay. When Glover failed to respond, the district court was free to rely on McDonnell Douglas's brief, the joint report, and its own considerable expertise in fashioning an award. Glover argues that his neglect should be excused because his counsel at the time was undergoing exigent personal circumstances. We disagree. "A party chooses counsel at his or her peril." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1010 (8th Cir.

1993) (quotation omitted).  Having chosen an advocate to speak on his behalf, Glover is bound by counsel's actions.  See Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962).

Glover's failure to brief his position on the appropriate remedy calculation does not, however, excuse the district court's obligation to determine the back pay award accurately.  The district court correctly ruled that back pay should be calculated by subtracting Glover's interim earnings from the salary he would have drawn if he still worked at McDonnell Douglas.  See, e.g., Coleman v. City of Omaha, 714 F.2d 804, 808 (8th Cir. 1983).  We review a district court's back pay award for clear error as to factual findings.  See Goff v. USA Truck, Inc., 929 F.2d 429, 430 (8th Cir. 1991).  In this case, the district court committed error as a result of a poorly drafted joint stipulation.

In the stipulation, the parties listed the gross wages Glover would have earned from 1991-1994 had he not been terminated.  They then listed Glover's actual earnings for each of those years.  The parties did not tally the difference between the actual and lost earnings, either annually or in the aggregate.  Immediately following these lists of figures, the joint report states, "$6,087.00 is due Plaintiff on the wages lost since [the verdict]."  The district court apparently interpreted this as a stipulation that Glover had lost a total of $6,087 from 1991-1994.  However, this figure was meant to represent post-judgment interest.  See Jt. App. at 42-43.  Thus, the district court's calculation is erroneous in its use of $5,948. as Glover's lost post-verdict income.  We remand to the district court for the sole purpose of recalculating Glover's lost post-verdict income using the figures supplied in the stipulation.

## III.  CONCLUSION

Although we decline to address any of Glover's arguments on appeal, we remand this case to the district court for recalculation of Glover's lost post-verdict income.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.