# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3599

_____

Kevin Byers,  *

Appellant,  *

v.  *

Augusta School District Board  *
of Education, A Public Body  *
Corporate; and James Toy,  *
Superintendent of Schools  *
of the Augusta School District,  *

Appellees.  *

* Appeal from the United States
* District Court for the Western
* District of Arkansas.

* [PUBLISHED]

_____

Submitted: May 7, 2007
Filed: May 7, 2007

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Kevin Byers appeals the district court's denial of his motion for Federal Rule of Civil Procedure 60(b) relief of a 2001 judgment. We reverse and remand for further proceedings consistent with this opinion.

In its 2001 judgment, the district court awarded Byers $10,000 in back pay and ordered Augusta School District (Augusta) to hire (i.e., instate) Byers as a high school

principal at the next available opening after Byers succeeded on a 28 U.S.C. § 1981 race-discrimination claim against Augusta. But the district court denied Byers's request for an award of front pay, finding he was earning more pay than he would have earned as a principal at the time of the 2001 judgment. In a Rule 60(b) motion, Byers sought to modify the judgment to award front pay for a portion of the time between the 2001 judgment and the date he was actually hired as a high school principal, July 1, 2006, because he lost the higher paying job in 2002. The district court found Byers's "subsequent loss of his higher paying job . . . regrettable" but denied the motion to modify, stating, "contrary to the assertions of [Byers], the court cannot award front pay and maintain required instatement." J.A. 159. The district court did not consider Augusta's alternative arguments the motion should be denied as untimely and for failure to meet other alleged requisites for relief under Rule 60(b).

We review the denial of Rule 60(b) relief for an abuse of discretion; an abuse will be found only where the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions. Hunter v. Underwood, 362 F.3d 468, 474 (8th Cir. 2004). There are at least two types of front pay: (1) money awarded "between the date of judgment and the date of [instatement or] reinstatement"; and (2) money awarded in lieu of instatement or reinstatement. Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 853 (2001). The challenged order and Augusta's brief identify several cases where we have stated front pay may be awarded in lieu of, but not in addition to, instatement or reinstatement. J.A. 159 (citing Sellers v. Mineta, 358 F.3d 1058, 1063 (8th Cir. 2004); Salitros v. Chrysler Corp., 306 F.3d 562, 572 (8th Cir. 2002); Kucia v. S.E. Ark. Cmty. Action Corp., 284 F.3d 944, 949 (8th Cir. 2002); Smith v. World Ins. Co., 38 F.3d 1456, 1466 (8th Cir. 1994)); Appellees' Br. 6 (citing Smith, 38 F.3d at 1466; Williams v. Valentec Kisco, Inc., 964 F.2d 723, 731 (1992)). A close reading of the facts of these cases, however, reveals they stand for an unremarkable proposition concerning the second type of front pay: a party is not entitled to duplicate forms of relief; an aggrieved party is not entitled to front pay and instatement or reinstatement pay *for the same time period*.

Byers, on the other hand, is not asking for duplicate relief. He requests front pay for the period between the time his higher-paying employment ended, January 1, 2002, through the date he was finally instated as a high school principal, July 1, 2006. Byers's finite front pay request does not overlap with his period of instatement. Awards of front pay to compensate an injured plaintiff until he can be instated or reinstated are not prohibited and may be necessary to make a victim of discrimination whole. See, e.g., Maschka v. Genuine Parts Co., 122 F.3d 566, 573 (8th Cir. 1997) (directing the district court to order the discriminating employer to pay the difference between the plaintiff's projected earnings for the job he lost due to discrimination and his salary elsewhere *until* his reinstatement); King v. Staley, 849 F.2d 1143, 1145 (8th Cir. 1988) (finding subject of discrimination entitled to front pay *until* she was placed in a comparable position or declined an offer of comparable employment); Briseno v. Cent. Technical Cmty. Coll. Area, 739 F.2d 344, 348 (8th Cir. 1984) (remanding with instructions to award front pay *until* plaintiff was placed in a comparable position to the one lost due to discrimination). Such awards have the same remedial purpose as back pay. See Pollard, 532 U.S. at 843 (noting Title VII "front pay" awards were "modeled" after back pay awards authorized in the National Labor Relations Act (NLRA), which included pay "up to the date the employee was reinstated or returned to the position he should have been in had the violation of the NLRA not occurred, even if such event occurred after judgment"). Thus, it is axiomatic the "front pay [requested by Byers] and [instatement or] reinstatement are not mutually exclusive." Selgas v. Am. Airlines, Inc., 104 F.3d 9, 13 (1st Cir. 1997) ("The district court . . . had the option . . . of combining an award of front pay with reinstatement. Its only limitation was to avoid duplication.").

Finding the district court clearly erred in concluding it lacked authority to grant front pay, we reverse and remand this matter to the district court for further proceedings consistent with this opinion and to consider Augusta's alternative arguments for denying Byers's Rule 60(b) motion.

_____