# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3382

_____

Bonnie Poehl,

          Appellant,

v.

Carl Randolph, Officer; City of Vinita Park,

          Appellees,

Vinita Park Police Department,

          Defendant.

*
*
*
*
*   Appeal from the United States
*   District Court for the
*   Eastern District of Missouri.
*
*   [UNPUBLISHED]
*
*
*
*
*
*

_____

Submitted: May 1, 2008
Filed: May 6, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Bonnie Poehl appeals following the district court's[1] order granting partial summary judgment in her 42 U.S.C. § 1983 action, and the court's later order dismissing the remaining counts following a jury trial on her claims arising from

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

sexual misconduct.  We find no basis for reversal and Poehl has provided none.  First, having chosen an advocate to speak on her behalf, she was bound by her counsel's decision to dismiss voluntarily the claims against the City of Vinita Park Police Department. *See Glover v. McDonnell Douglas Corp.*, 150 F.3d 908, 909-10 (8th Cir. 1998).  Second, as to the grant of summary judgment on her claims against the City of Vinita Park, she challenges only the district court's conclusion--which is legally correct--that she could not hold the City liable on her state claims under a respondeat superior theory.  *See Meyers v. Starke*, 420 F.3d 738, 742-43 (8th Cir. 2005) (to be reviewable issue must be presented in brief with some specificity, and failure to do so can result in waiver); *Gibson v. Brewer*, 952 S.W.2d 239, 245-46 (Mo. 1997) (en banc) (under doctrine of respondeat superior, principal is liable for  agent's acts that are within scope of employment and done as means or for purpose of doing work assigned by principal; intentional sexual misconduct was not within scope of priest's employment).  Finally, her challenges to various evidentiary rulings, claims of unobjected-to instructional error, and the timing of the jury trial, to the extent these challenges are sufficiently developed in the brief to warrant appellate review, are all meritless.  *See Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002) (en banc) (to warrant review of evidentiary ruling, issue must be presented on appeal in meaningfully developed manner); *Cross v. Cleaver*, 142 F.3d 1059, 1067-68 (8th Cir. 1998) (claimed instructional error must be shown to be prejudicial, and if party fails to object to instruction before jury retires, review is only for plain error); *Penn v. Iowa State Bd. of Regents*, 999 F.2d 305, 307 (8th Cir. 1993) (district courts have duty and power to manage their dockets and this court will not intervene absent abuse of discretion).

Accordingly, we affirm.  *See* 8th Cir. R. 47B.  We also deny Poehl's motions to supplement the record, and we decline to revisit the issue of appointment of counsel for appeal.

_____