CROWLEY BEVERAGE COMPANY, INC., Appellee,

v.

MILLER BREWING COMPANY, Appellant.

CROWLEY BEVERAGE COMPANY, INC., Appellant,

v.

MILLER BREWING COMPANY, Appellee.

Nos. 88–5055, 88–5056.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 21, 1988.

Decided Dec. 6, 1988.

Peter S. Hendrixon, Minneapolis, Minn., for appellant.

Michael D. Madigan, Minneapolis, Minn., for appellee.

Before HEANEY and FAGG, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

Miller Brewing Company appeals, and Crowley Beverage Company, Inc. cross appeals, from the judgment entered by the district court[1] upon a jury verdict awarding Crowley $257,000.00 in its action brought pursuant to the Minnesota Beer Brewers and Wholesalers Act, Minn.Stat. Ann. §§ 325B.01–17 (1981), for wrongful termination of its beer distributorship. Miller contends that the district court erred (1) in refusing to grant its motion for judgment notwithstanding the verdict and alternative motion for a new trial, in which Miller alleged that it had good cause to terminate Crowley's distributorship; and (2) in refusing to accept Miller's second claim advanced in support of its jnov motion, that the Minnesota Beer Brewers and Wholesalers Act is violative of due process. Cross appealing, Crowley argues that the district court erroneously denied its request for attorney's fees. We affirm.

Crowley distributed beer for Miller from 1966 through 1985. Their relationship was governed by a written contract used by Miller on a national basis. Paragraph 4 of the contract sets forth certain obligations with which a distributor is required to comply, including the replacement and disposition of overage products, and gives Miller the right to terminate the agreement in the event of the distributor's noncompliance.

From 1977 to 1984, Crowley received various deficient performance ratings from Miller, and was advised of the need to correct these deficiencies. In November of 1984, Crowley received its lowest rating and was sent a notice of termination delineating the alleged violations, the most significant of which was the marketing of overage beer. In accordance with Minn. Stat.Ann. § 325B.05, Crowley was given ninety days to cure the deficiencies set forth in the notice. Miller concluded that Crowley failed to satisfy this requirement, and terminated Crowley as its distributor.

Crowley then commenced this action in state court, alleging that Miller acted in violation of Minn.Stat. § 325B.04. This section provides in relevant part:

Notwithstanding the terms, provisions or conditions of any agreement, no brewer shall amend, cancel, terminate or refuse to continue to renew any agreement, or cause a wholesaler to resign from an agreement, unless good cause exists for amendment, termination, cancellation, nonrenewal, noncontinuation or causing a resignation.... Good cause shall include, but not be limited to, the following:

\* \* \* \* \* \*

(4) Failure by the wholesaler to substantially comply, without reasonable excuse or justification, with any reasonable and material requirement imposed upon him by the brewer.

In order to prevail in its action, Crowley bore the burden of establishing that Miller did not have good cause to terminate the distributorship. To this effect, Crowley alleged that the termination was not premised upon good cause because (1) Crowley had substantially complied with Miller's requirements; and (2) a reasonable excuse or justification existed for Crowley's allegedly deficient performance. Crowley sought injunctive relief, punitive damages, costs and attorney's fees.

The state trial court granted Crowley's request for an injunction preventing Miller from terminating the distributorship. Mil-

ler then removed the action to federal court on the basis of diversity of citizenship, and the matter was tried to a jury, which returned a verdict in favor of Crowley. Miller's post-trial motion for judgment notwithstanding the verdict and alternative motion for a new trial were denied, and this appeal followed.

Miller first argues that the district court erred in denying its post-trial motions because the jury's finding of a lack of good cause for the termination of Crowley's distributorship is not supported by the evidence. In particular, Miller stresses that its requirements concerning the distribution of overage beer are both reasonable and material, and that the evidence of Crowley's deficiencies, especially the marketing of overage beer, establishes that Crowley did not substantially comply with the parties' contract.

In response, Crowley maintains that it did substantially comply with Miller's quality control policy, as established through the testimony of Crowley's employees and the retailers whom Crowley served. In addition, Crowley urges that the following evidence presented at trial tends to establish a "reasonable cause" for its alleged noncompliance: some of the accounts investigated by Miller contained beer that Crowley did not distribute; some retailers refused Crowley admittance into their coolers or storage rooms; Miller frequently provided products that distributors did not order; on occasion, Miller provided overage or nearly overage beer; Miller required distributors to meet inventory levels set to maintain the flow of production at the brewery rather than the distributor's market demand; and evidence demonstrating the existence of a personality conflict between James C. Crowley, the owner of Crowley Beverage Company, and James Ebert, Miller's area manager. Finally, Crowley argues that in light of its ordering problems with Miller, it was not reasonable for Miller to rigidly apply its quality control policy.

After reviewing the evidence set forth above in light of the applicable standards, we have little difficulty concluding that the district court committed no error in denying both Miller's jnov and new trial motions. The granting of a motion for judgment notwithstanding the verdict is appropriate "only if the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." *Rule v. Lutheran Hospitals & Homes Soc.*, 835 F.2d 1250, 1252 (8th Cir.1987). Viewing the evidence and resolving all factual disputes in the light most favorable to the party opposing the motion, as we are required to do on appeal from the denial of a motion for judgment notwithstanding the verdict, *id.*, we cannot say that the evidence points solely in Miller's favor.

Similarly, we have recognized that the denial of a motion for a new trial asserting that the jury's verdict is against the weight of the evidence is "virtually unassailable on appeal," and is reviewed only for a showing of a clear abuse of discretion. *Grogg v. Missouri Pac. R. Co.*, 841 F.2d 210, 214 (8th Cir.1988). In ruling upon a new trial motion, a district court may set aside a jury verdict if the court has determined that the verdict is against the clear weight of the evidence or that the granting of a new trial is necessary to prevent injustice. *See Fireman's Fund Ins. Co. v. Aalco Wrecking Co.*, 466 F.2d 179, 186 (8th Cir.1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). Our review of the record persuades us that the district court did not abuse its discretion in concluding that no such showing had been made in the instant case; quite to the contrary, we agree with the district court that the jury's verdict is adequately supported by the evidence.

As indicated, Miller also argues that the district court erred in refusing to grant its jnov motion upon the basis of its claim that the Minnesota Beer Brewers and Wholesaler's Act is violative of due process. Specifically, Miller contends that the Act represents an unreasonable exercise of state police power because it bears no substantial relation to public health, safety or welfare, and serves only the narrow interests of beer distributors. Miller further argues

that in *Jacobsen v. Anheuser–Busch, Inc.*, 392 N.W.2d 868 (Minn.1986), *cert. denied*, 479 U.S. 1060, 107 S.Ct. 941, 93 L.Ed.2d 991 (1987), the Minnesota Supreme Court held that the Act has no relation to public welfare.

In rejecting Miller's constitutional claim, the district court concluded that the Minnesota Act is sufficiently related to the legitimate purpose of limiting the involvement of brewers in retail sales and aggressive marketing and sales competition, which, the court stated, the Minnesota legislature found undesirable in the alcoholic beverage industry. The court held that *Jacobsen* did not undermine the constitutionality of the Act because that case concerned only the retroactive application of the Act, and did not consider whether the State could regulate beer distributorship agreements prospectively. Relatedly, the court determined that *Jacobsen* was inapposite because it involved a constitutional challenge under the contract clause rather than the due process clause.

■ It is well settled that states "enjoy broad power under ... the Twenty-first Amendment to regulate the importation and use of intoxicating liquor within their borders." *Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 712, 104 S.Ct. 2694, 2707, 81 L.Ed.2d 580 (1984); *see also United States v. North Dakota*, 856 F.2d 1107, 1109 (8th Cir.1988). At the same time, it is equally clear that the operation of the twenty-first amendment does not alter the application of constitutional standards otherwise applicable in any particular case. *See Craig v. Boren*, 429 U.S. 190, 209, 97 S.Ct. 451, 463, 50 L.Ed.2d 397 (1976). When a state regulatory statute such as Minn.Stat.Ann. ch. 325B is challenged on due process grounds, the statute carries a presumption of validity, and the burden of proving its alleged invalidity rests upon the party advancing this claim. *See Nebraska Messenger Serv. Ass'n v. Thone*, 611 F.2d 250, 251 (8th Cir.1979) (per curiam). It appears to be undisputed that Minn.Stat. Ann. ch. 325B does not impinge upon a fundamental right or involve a suspect class. Thus, in order to overcome Miller's

constitutional challenge, it need only be demonstrated that the Act is "designed to accomplish an objective within the government's police power, and that a rational relationship exist[s] between ... [the Act] and its purpose," *Gold Cross Ambulance & Transfer & Standby Service v. City of Kansas City*, 705 F.2d 1005, 1015 (8th Cir. 1983), *cert. denied*, 471 U.S. 1003, 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985).

■ Clearly, the district court committed no error in concluding that Minnesota's interest in the distribution of liquor is a legitimate state concern. *See generally Craig v. Boren*, 429 U.S. at 204–06, 97 S.Ct. at 460–62; *Dunagin v. City of Oxford, Miss.*, 718 F.2d 738, 743–45 (5th Cir. 1983), *cert. denied*, 467 U.S. 1259, 104 S.Ct. 3553, 82 L.Ed.2d 855 (1984). Moreover, we find no error in the district court's further determination that Minn.Stat.Ann. ch. 325B is rationally related to the furtherance of this legitimate interest; the means of the Act are reasonably necessary for the accomplishment of its legitimate purpose, and are not unduly oppressive. *See Goldblatt v. Hempstead*, 369 U.S. 590, 594–95, 82 S.Ct. 987, 990, 8 L.Ed.2d 130 (1962) (quoting *Lawton v. Steele*, 152 U.S. 133, 137, 14 S.Ct. 499, 501, 38 L.Ed. 385 (1894)). Furthermore, we agree with the district court's determination that the Minnesota Supreme Court's decision in *Jacobsen v. Anheuser–Busch, Inc.* is inapposite; the court in *Jacobsen* expressly limited its decision to the retroactive application of the Minnesota Act. *See Jacobsen*, 392 N.W.2d at 869. For these reasons, we conclude that the district court properly rejected Miller's constitutional claim, and we affirm the denial of Miller's motion for judgment notwithstanding the verdict.

■ Finally, in its cross-appeal, Crowley argues that the district court erred in denying its request for attorney's fees. Crowley maintains that it is entitled to the recovery of attorney's fees under the terms of Minn.Stat.Ann. § 325B.08, which provides in relevant part that, "The court may, if it finds that the brewer has acted in bad faith ... award punitive damages, as well as actual damages, costs and attorneys' fees."

The district court denied Crowley's request for fees in accordance with its conclusion that the statutory requirement of a showing of bad faith had not been met. Paying proper deference to the district court's interpretation of the law of the state in which it sits, *see Wolverton Farmers Elevator v. First American Bank of Rugby*, 851 F.2d 223, 225 (8th Cir.1988) (per curiam), we find no reason to conclude that the district court's interpretation of § 325B.08 is erroneous; nor do we disagree with that court's finding of fact. Accordingly, we affirm the denial of Crowley's request for attorney's fees.

In summary, we have considered the claims advanced on appeal, and conclude that each is without merit.

The judgment of the district court is affirmed.