No. 95-3116

Bobby R. Butler,                        *
                                        *
        Appellant,                      *  Appeal from the United States
                                        *  District Court for the Eastern
            v.          *  District of Arkansas.
                                        *
Darce French, d/b/a                     *
Darce French Trucking Company,          *
and Don C. French,                      *
                                        *
        Appellees.                      *


Submitted:  March 15, 1996

Filed:  April 25, 1996

Before MAGILL, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Don French was driving a tractor-trailer truck when it collided with the train in which Bobby Butler was working.  Alleging Mr. French's negligence and personal injury to himself, Mr. Butler sued the railroad, Mr. French, and the trucking company for which Mr. French worked. Mr. Butler settled with the railroad, and, after a three-day trial, a jury found Mr. French and the trucking company not liable to Mr. Butler.  The trial court denied Mr. Butler's subsequent motion for judgment as a matter of law or, in the alternative, for a new trial.

Mr. Butler appeals, arguing that the evidence was insufficient to sustain the verdict; in the alternative, that the trial court improperly denied him a new trial; that the trial court abused its

discretion in admitting evidence regarding Mr. Butler's past problems with alcohol abuse; and that the trial court wrongly precluded him from introducing into evidence some photographs taken of the train and the truck at the site after the accident. We affirm the judgment of the trial court.

I.

Mr. Butler first argues that the trial court should have granted his motion for judgment as a matter of law. See Fed. R. Civ. P. 50(a)(1), Fed. R. Civ. P. 50(b)(1)(A). Because such a motion deals with a "question [that] is a legal one, whether there is sufficient evidence to support a jury verdict," White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992), our review of the trial court's action is de novo. See, e.g., Rockport Pharmacy, Inc. v. Digital Simplistics, Inc., 53 F.3d 195, 197 (8th Cir. 1995).

Mr. Butler acknowledges the holdings of this court that, in ruling on such a motion, a court "must analyze the evidence in the light most favorable to the prevailing party [in this case, the defendants] and must not engage in a weighing or evaluation of the evidence or consider questions of credibility," and that for such a motion to be granted, "all the evidence must point one way and be susceptible of no reasonable inference sustaining the position of the nonmoving party [in this case, the defendants]." White, 961 F.2d at 779; see also 9A C. Wright and A. Miller, Federal Practice and Procedure: Civil 2d § 2524 at 255-59 (1995). Mr. Butler contends, however, that we should consider as well certain uncontradicted evidence favorable to him. See, e.g., Frieze v. Boatmen's Bank of Belton, 950 F.2d 538, 540 (8th Cir. 1991), and Caudill v. Farmland Industries, Inc., 919 F.2d 83, 86 (8th Cir. 1990); see also Dace v. ACF Industries, Inc., 722 F.2d 374, 377 n.6 (8th Cir. 1983), supplemented on petition for rehearing, 728 F.2d 976 (8th Cir. 1984) (per curiam). Assuming,

without holding, that that approach is an appropriate one, see, e.g., 9A Wright and Miller, Federal Practice § 2529 at 299-300, we are satisfied that Mr. Butler was not entitled to judgment as a matter of law.

In fact, the evidence that Mr. Butler points to is not only uncontradicted, it came from the defendant himself. Mr. Butler directs attention to the fact, which Mr. French admitted at trial, that Mr. French pleaded guilty to a charge of failure to yield as evidence of negligence that must be credited in determining whether Mr. French made out a submissible case on his lack of negligence. But Mr. French testified that he simply felt that it was easier to pay than to contest the ticket. Mr. French's excuse for colliding with the train, moreover, was that he was blinded by glare from the sun and could not see the train in time to stop, and a state trooper testified that Mr. French told him the same thing at the scene of the accident. The jury was free to accept Mr. French's explanations. Mr. Butler also relies on the fact that while on the witness stand Mr. French acknowledged his duty to be careful when approaching a railroad crossing and to stop if a train was coming. But this is not evidence of any relevant fact. If it is anything, it is a concession as to what the law is. In any case, it is nothing but argument. The same can be said of Mr. French's admission that a crossing with a flashing light (as in this case) requires more caution than one with a gate.

Finally, Mr. Butler points to Mr. French's admission that he was familiar with the railroad crossing and his concession that a slower approach would have given him a longer time to see the train coming. But Mr. Butler fails to connect the first of these admissions to any negligence on Mr. French's part. The second admission is, on one level, a statement of incontrovertible scientific fact and, on another, simply a matter of common sense. It is not evidence of anything. On either level, it cannot serve

-3-

to take the case from the jury in the face of Mr. French's testimony that glare from the sun blinded him. There was no evidence that would require the jury to find that the glare or its effects were avoidable through the exercise of ordinary care. In other words, if the jury believed all of the evidence that we have recounted, it could have concluded that Mr. French was not negligent. We therefore hold that the trial court was correct in denying Mr. Butler's motion for judgment as a matter of law. See, e.g., White, 961 F.2d at 779, and Dace, 722 F.2d at 375.

II.

In the alternative, Mr. Butler argues that in denying a new trial, see Fed. R. Civ. P. 50(b)(1)(A), Fed. R. Civ. P. 59(a)(1), the trial court incorrectly looked only at whether there was a miscarriage of justice and did not consider whether the verdict was against the great weight of the evidence. We review the trial court's action for an abuse of discretion. See, e.g., Smith v. World Insurance Co., 38 F.3d 1456, 1460 (8th Cir. 1994), quoting Lowe v. E. I. DuPont de Nemours and Co., 802 F.2d 310, 310-11 (8th Cir. 1986).

It is true that some cases from this court have described the criteria for deciding a motion for new trial in what may have been the disjunctive -- i.e., "that the verdict is against the clear weight of the evidence or that the granting of a new trial is necessary to prevent injustice" (emphasis supplied). Crowley Beverage Company, Inc. v. Miller Brewing Co., 862 F.2d 688, 690 (8th Cir. 1988). Later cases make plain, however, that, as a matter of law, these formulations are identical. See, e.g., Shaffer v. Wilkes, 65 F.3d 115, 117 (8th Cir. 1995) (court may grant new trial "on the basis that the verdict is against the weight of evidence, if the first trial results in a miscarriage of justice"); Jacobs Manufacturing Co. v. Sam Brown Co., 19 F.3d 1259, 1266 (8th Cir. 1994), cert. denied, 115 S. Ct. 487 (1994),

-4-

115 S. Ct. 1251 (1995) (court may grant new trial "if the verdict was against the 'great weight' of the evidence, so that granting a new trial would prevent a miscarriage of justice"); and White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992) (although we have used "'clear weight,' 'overwhelming weight,' or 'great weight,' ... the ultimate test was whether there had been a miscarriage of justice") (emphasis supplied in all examples); see also Beckman v. Mayo Foundation, 804 F.2d 435, 439 (8th Cir. 1986).

Mr. Butler further asserts that since the trial court stated that "if I were on the jury, I would definitely find [Mr. French] negligent," it was an abuse of discretion for the trial court then to deny the motion for new trial. We disagree. In the first place, this remark was made during a jury instructions conference, not after the verdict was in, and not during the course of a consideration of the motion for new trial. But secondly, and more importantly, a trial court may not grant a new trial simply because the trial court would have found a verdict different from the one the jury found. This is certainly a necessary condition to granting a motion for new trial, but it is not a sufficient one. Rather, the trial court must believe, as we have already said, that the verdict was so contrary to the evidence as to amount to a miscarriage of justice. In refusing to come to that conclusion, the trial court certainly did not abuse its discretion, given the substantiality of the evidence supporting the jury's verdict.

III.

The trial court allowed the defendants to introduce evidence of Mr. Butler's past problems with alcohol abuse -- that he had been fired for a year because of it in 1976, that he had received treatment for it in 1983 and early 1987, and that he had been off the job for inpatient treatment in late 1987. The defendants also introduced evidence that in 1987 the railroad had required Mr. Butler to attend meetings of Alcoholics Anonymous for two years

and that one of the treating hospitals had recommended that he undergo treatment for life. Finally, while cross-examining Mr. Butler, the defendants referred to medical records not in evidence that quoted Mr. Butler as saying that "the only time [he had] been sober in the last 20 years was [a] five month period" in 1987; the defendants subsequently questioned Mr. Butler about whether his drinking might be one of the reasons that his income dropped in 1987.

Mr. Butler asserts that the last incident in evidence took place in 1987 and argues that allowing the admission of all of that evidence was therefore an abuse of discretion under Fed. R. Ev. 403. See, e.g., United States v. Rabins, 63 F.3d 721, 726 (8th Cir. 1995), cert. denied, 64 U.S.L.W. 3575 (U.S. Feb. 26, 1996). Mr. Butler cites cases dealing with evidence of insanity and illegal drug use but none on evidence of alcohol abuse.

The defendants, on the other hand, maintain that the evidence was relevant to damages for future lost income. We agree. See, e.g., Haney v. Mizell Memorial Hospital, 744 F.2d 1467, 1475 (11th Cir. 1984) (admission of evidence on plaintiff's past history of alcohol problems relevant to issue of future loss of earnings). We note, moreover, that Mr. Butler failed to object when the evidence was admitted (although he had previously moved in limine to exclude it, a motion that the trial court denied). The admission of that evidence was certainly not plain error. See, e.g., Cook v. American Steamship Co., 53 F.3d 733, 743 (6th Cir. 1995) (admission of evidence on plaintiff's past history of alcohol problems not plain error, where defendant alleged that plaintiff had shorter life expectancy because of alcoholism).

IV.

The railroad took photographs of the train and the truck at the site after the accident. The railroad had the photographs in

its possession until a week before trial, when the railroad turned them over to Mr. Butler, who then listed them as trial exhibits. Just before trial, the defendants moved to exclude the photographs, arguing that they had not received the photographs. The trial court granted the motion. We review the exclusion of evidence as a sanction for disobeying a pretrial order for an abuse of discretion. See, e.g., Mawby v. United States, 999 F.2d 1252, 1253-54 (8th Cir. 1993).

On appeal, Mr. Butler contends that because the railroad disclosed the photographs as early as mid-1993 (before it settled), the defendants had access to them; that the trial court's ruling was apparently a discovery sanction against Mr. Butler but that he was not responsible for the defendants' failure to obtain the photographs; and, therefore, that the trial court's exclusion of the photographs was an abuse of discretion.

The defendants respond that they did not know until the day of trial that the photographs would be introduced and did not receive the photographs until that day. The defendants also argue that the exclusion was a sanction for not complying with the trial court's order to "list and exchange all exhibits prior to trial," not a discovery sanction, and that, in any event, Mr. Butler suffered no prejudice from the exclusion of the photographs. Mr. Butler replies that he included the photographs on his exhibit list as required but acknowledges that he did not actually provide the photographs until the first day of trial.

The real difficulty here, we think, is that although the pretrial order requires exhibits to be listed and the lists to be given to the court (and presumably to all parties) "no later than 5 days before trial," the order sets no deadline for when the exhibits themselves are to be exchanged, other than "prior to trial." Mr. Butler was technically in compliance with the trial

court's order, since he gave the defendants his exhibit list at least five days before trial and offered to give the exhibits themselves to the defendants "prior to trial," that is, on the day that the trial was to begin but before it did begin.  Under these circumstances, it may have been an abuse of discretion not to allow Mr. Butler to use the photographs.  We do not believe, however, that the error affected Mr. Butler's "substantial rights."  See Fed. R. Civ. P. 61; see also Fed. R. Ev. 103(a).  In other words, the error, if any, was harmless at most, because the photographs would have added nothing substantial to Mr. Butler's case.

V.

For the reasons stated, we affirm the judgment of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.