951 F.Supp. 159 (1996)
Gregory FRANZ, et al., Plaintiffs,
v.
Michael KERNAN, et al., Defendants.
No. 4:93-CV-1143 (CEJ).
United States District Court, E.D. Missouri, Eastern Division.
September 18, 1996.
Order Amending Judgment October 21, 1996.
*160 *161 Althea P. Johns, Daniel Law Office, St. Louis, MO, for Plaintiffs.
Larry J. Bauer, Sonnenschein and Nath, St. Louis, Mo, for Defendants.

MEMORANDUM
JACKSON, District Judge.
This matter is before the Court on defendants' motion for judgment as a matter of law [Doc. 122-1]; defendants' motion to alter or amend the judgment/verdict [Doc. 123], defendants' motion for a new trial [Doc. 122-2]; and plaintiffs' request for front pay.
Plaintiff Gregory Franz brings this action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); the Civil Rights Act of 1991, 42 U.S.C. § 1981a; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"); and the Missouri Human Rights Act, Mo.Rev. Stat. § 213.010 ("MHRA"). On January 12, 1993, defendants terminated Gregory Franz from the City of O'Fallon Police Department after he failed to successfully complete a mandatory physical fitness program. Gregory Franz alleges that this decision constitutes age, sex, and disability discrimination. He further contends that defendants retaliated against him for filing charges of discrimination with the Equal Employment Opportunity Commission. Plaintiff Sherry Franz claims that she suffered a loss of consortium as a result of defendants' unlawful discrimination against her husband. At the time of his discharge, Gregory Franz was 46 years old, overweight, and had suffered two heart attacks.[1]
At the close of all the evidence, Gregory Franz abandoned his retaliatory discharge claim, and the Court directed a verdict in favor of defendants on Gregory Franz's claim based on 42 U.S.C. § 1981a. The claims that *162 were submitted to the jury were Gregory Franz's claims of age discrimination under the ADEA, sex discrimination in violation of Title VII, disability discrimination under the ADA, claims under the MHRA, and Sherry Franz's claim for loss of consortium.

1. Motion for Judgment as a Matter of Law[2]
To obtain judgment as a matter of law, a party must show that all of the evidence "point[s] one way ... [and is] susceptible of no reasonable inference sustaining the position of the nonmoving party." White v. Pence, 961 F.2d 776, 779 (8th Cir.1992), quoted in Butler v. French, 83 F.3d 942, 943 (8th Cir.1996). Furthermore, judgment may only be granted as to the specific grounds raised in the party's motion for directed verdict at the close of all the evidence. Kientzy v. McDonnell Douglas Corp., 990 F.2d 1051, 1061 (8th Cir.1993). Evidence must be considered in the light most favorable to the non-moving party. Butler, 83 F.3d at 943.
Defendants assert that they are entitled to judgment as a matter of law with respect to each claim submitted to the jury. On the ADEA claim, they contend that the statistical evidence presented did not sufficiently establish the requisite intent to discriminate on the basis of age. On the Title VII claim, defendants assert that the only evidence of sex discrimination was the fact that two female officers were not discharged when they failed to pass the physical fitness test. On the ADA claim, defendants claim that there was insufficient evidence to show that Gregory Franz was a qualified individual with a disability or that he was discharged because of a disability. Finally, defendants assert that there was "undisputed evidence" to show that the physical fitness test was job-related. After a review of all the evidence introduced at trial, the Court finds sufficient support to uphold the jury verdicts on plaintiffs' age, sex, and disability discrimination claims. Defendants' motion for judgment as a matter of law on these claims is denied.
Defendants also assert that plaintiff Sherry Franz's claim for loss of consortium is not cognizable under the ADEA, Title VII, the ADA, or the MHRA. This district has previously ruled that a spouse may only bring a loss of consortium claim in the context of a state tort claim. Schulte v. Consolidated Freightways Corp. Of Delaware, No. 4:93CV1156CDP, slip op. at 6, 1994 WL 912944 (E.D.Mo. March 1, 1994).[3] Claims brought under Title VII and the Missouri Human Rights Act do not constitute an "underlying tort" from which a loss of consortium claim may be derived. Id.
Furthermore, several district courts outside of the Eighth Circuit have rejected loss of consortium claims under federal civil rights statutes. See, e.g., Gerzog v. London Fog Corp., 907 F.Supp. 590, 605 (E.D.N.Y. 1995) (ADEA); Mohamed v. Marriott Int'l, Inc., 905 F.Supp. 141, 159 (S.D.N.Y.1995) (ADA); Brown v. Youth Serv. Int'l of Baltimore, Inc., 904 F.Supp. 469, 470 (D.Md.1995) (Title VII and 42 U.S.C. § 1981).
Based on Schulte and authority from other districts, the Court finds that plaintiff Sherry Franz does not have a cause of action for loss of consortium based on the employment discrimination claims asserted by her husband. Accordingly, defendants are entitled to judgment as a matter of law on the loss of consortium claim under the ADEA, Title VII, the ADA, and the MHRA.

2. Motion to Alter or Amend the Judgment/Verdict
Defendants challenge the damages assessed by the jury on the age and disability claims. With respect to the age discrimination claim, defendants assert that the award was excessive, and that the Court should not have given an instruction on willfulness. The Court instructed the jurors that if they found in favor of Gregory Franz on his ADEA claim, then they were to award him damages for lost wages and fringe benefits (including *163 health and life insurance premiums). The jurors also were instructed that they were to decide next whether the conduct of the defendants was willful. After deliberation, the jury returned a verdict in favor of Gregory Franz, found that at least one defendant's conduct was willful, and awarded damages in the amount of $290,000.[4]
The ADEA provides for an award of liquidated damages (i.e., double damages) for willful violations of the statute. At trial, the jury heard evidence from which it could have concluded that a defendant either knowingly violated the ADEA or acted in reckless disregard of the law. As such, the instruction on willfulness was appropriate. See 29 U.S.C. § 626(b); Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796, 803 (8th Cir.1994). Gregory Franz testified that he lost income in the amount of $50,687.66 and that he incurred health insurance expenses in the amount of $3,902.24. Based on this evidence, plaintiff was entitled to recover $54,589.90 in wages and insurance benefits multiplied by 2 (i.e., double damages due to willful violation of the ADEA), for a total of $109,179.80. The $290,000 jury award was excessive and will be reduced accordingly.
As to the ADA claim, defendants assert that the compensatory damages award of $185,000 exceeds the maximum amount recoverable under 42 U.S.C. § 1981a(b)(3). They contend that the City of O'Fallon has fewer than 100 full-time employees and, therefore, a $50,000 statutory cap on damages applies. 42 U.S.C. § 1981a(b)(3)(A). Alternatively, if part-time employees are included defendants assert that the City of O'Fallon has 101-200 employees and damages should be capped at $100,000. 42 U.S.C. § 1981a(b)(3)(B). The statute does not draw a distinction between full-time and part-time employees, and defendants do not cite any authority to justify making such a distinction. Therefore, the $100,000 statutory cap applies in this case.[5] The statute specifically excludes backpay and interest on backpay from the compensatory damages cap. 42 U.S.C. § 1981a(b)(2). As discussed above, Gregory Franz testified that he lost income in the amount of $50,687.66. Therefore, plaintiff was entitled to $100,000 in compensatory damages and $50,687.66 in backpay, totaling $150,687.66. The $185,000 jury award was excessive and will be reduced to $150,687.66.

3. Motion for a New Trial
A court may not grant a motion for a new trial unless the verdict is against the "great weight of the evidence," and a new trial is necessary to prevent a "miscarriage of justice." Butler v. French, 83 F.3d 942, 944 (8th Cir.1996).
Defendants argue that they are entitled to a new trial because the jury's verdicts were against the weight of the evidence; the damage awards for the age and disability discrimination claims reflected bias and prejudice; the damage award for the age discrimination claim was excessive, requiring the Court to remit a portion thereof; the Court erred in instructing the jury on loss of consortium and on willfulness under the ADEA, and erred in refusing certain jury instructions tendered by defendants; and the Court erred in overruling defendants' objections to the testimony of Officer Henke.
The Court finds that the evidence presented at trial amply supported the jury's verdicts. However, as discussed above, the Court agrees with defendants that jury awards for age discrimination and the ADA exceeded allowable amounts, and that the loss of consortium claim should not have been allowed. Nevertheless, the defendants are not entitled to a new trial as a remedy. Instead, the damages awards will be reduced and defendants will be granted judgment as a matter of law on the consortium claim.
*164 Defendants next argue that the jury should not have been instructed on willfulness because the ADEA prohibits the assessment of liquidated damages against municipalities. They characterize the instruction as inflammatory to the remaining ADA, Title VII, and MHRA claims. The statute, 29 U.S.C. § 626(b), authorizes the award of liquidated damages for willful violations of the ADEA and does not distinguish between individuals and municipalities as defendants. Furthermore, the Court is unable to find any authority within the Eighth Circuit prohibiting the assessment of liquidated damages against municipalities. The Court finds that the jury was properly instructed on willfulness, and the instruction did not inflame the jury as to the remaining claims.
Defendants also challenge the Court's refusal of tendered Instructions A and B. Under Instruction A the jury would have been instructed that the City of O'Fallon had a "lighter burden" of proving that the fitness test was "job related" because the plaintiff's job involved "public safety." Instruction B would have directed the jury to consider the defendants' bona fide occupational qualification ("BFOQ") defense. Instead of giving the tendered instructions, the Court gave Instruction No. 14 which allowed the jury to find for the defendants on the age and disability claims if the physical fitness test was job-related. The Court believes that Instruction No. 14 accurately stated the available defense to the age and disability claims in this case, and instructions A and B were properly refused.
Finally, defendants request a new trial based on the Court's overruling of their objections to Officer Mark Henke's testimony. Officer Henke supervised the defendants' physical fitness testing program and participated in the development of physical fitness standards for police officers. Defendants claim that his testimony was without foundation, speculative, and prejudicial. The Court disagrees and concludes that it was appropriate to admit the testimony.

4. Front Pay
The Eighth Circuit has held that under the ADEA future damages in the form of front pay are not to be awarded unless "reinstatement is impracticable or impossible." Williams v. Valentec Kisco, Inc., 964 F.2d 723, 730 (8th Cir.), cert. denied, 506 U.S. 1014, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992), quoted in Philipp v. ANR Freight System, Inc., 61 F.3d 669, 674 (8th Cir.1995). Although animosity between the parties may preclude reinstatement, "friction arising from the litigation process itself is not alone sufficient to deny employment." Dickerson v. Deluxe Check Printers, Inc., 703 F.2d 276, 281 (8th Cir.1983), quoted in Philipp, 61 F.3d at 674.
Plaintiff Gregory Franz asserts that reinstatement would be an inadequate remedy in this case due to a hostile work environment that exists in the O'Fallon Police Department. In particular, plaintiff points to the alleged hostility of Chief Michael Kernan, who was opposed to plaintiff's reinstatement. Plaintiff also asserts that the department has continued to give the physical fitness test to newly-hired employees and has only temporarily suspended the administration of the test to other police officers. Plaintiff further alleges that the defendant has taken retaliatory action against other officers who have challenged the physical fitness testing program.
Upon review of the record, the Court finds that there is insufficient evidence that reinstatement would be impracticable or impossible. Chief Kernan, whom plaintiff contends is the major source of the alleged hostility, is no longer employed by the O'Fallon Police Department. Further, plaintiff's fear that Chief Kernan's successor or other City officials may bear some animosity against him is insufficient to establish the existence of a hostile work environment. Instead, the defendants have represented to the Court their willingness to re-hire plaintiff.
Additionally, it is undisputed that while new hires are required to take the physical fitness test they are not required to pass it as a condition of employment. The defendants have suspended administration of all fitness tests for existing employees while they re-evaluate the program. Although plaintiffs emphasize that the suspension is *165 only "temporary," they have not shown that defendants' intention is to reinstate the program at some future time.
Finally, the Court finds that the plaintiff has not provided evidence of potential retaliation. The fact that other police officers have alleged that the department has retaliated against them for challenging the physical fitness program is insufficient.
Consequently, the Court concludes that plaintiff has failed to show that reinstatement to his former position or to a comparable one would be impracticable or impossible. Accordingly, the Court will deny plaintiff's request for front pay.
An appropriate order will accompany this Memorandum.

MEMORANDUM AND ORDER
This matter is before the Court on defendants' supplemental motion to amend or alter the judgment/verdict. Plaintiff Gregory Franz has not filed a response in opposition to the motion.
On September 18, 1996, the Court reduced plaintiff's jury award on the age discrimination claim to $109,179.80, finding that the plaintiff was entitled to recover $54,589.90 in back wages and insurance benefits multiplied by 2 (i.e., double damages due to willful violation of the ADEA). The Court also reduced plaintiff's jury award on the ADA disability claim to $150,687.66, finding that the plaintiff was entitled to recover $100,000 in compensatory damages and $50,687.66 in backpay. Defendants now seek to further reduce the plaintiff's jury award on the ADA disability claim with respect to back pay.
Plaintiff cannot recover back pay damages under both the ADEA and ADA. Washburn v. Kansas City Life Ins. Co., 831 F.2d 1404, 1410-11 (8th Cir.1987) (plaintiff is not entitled to the same damages under alternate legal theories). Accordingly, the Court will reduce the plaintiff's jury award on the ADA disability claim to $100,000.
For the foregoing reasons,
IT IS HEREBY ORDERED that defendants' supplemental motion to alter or amend the judgment/verdict is GRANTED.
IT IS FURTHER ORDERED that the judgment entered on September 18, 1996 is amended as follows:
IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of plaintiff Gregory Franz and against defendants in the amount of $109,179.80 on plaintiff's age discrimination claim and $100,000 on plaintiff's ADA disability discrimination claim.
NOTES
[1] The issue of front pay was tried to the Court sitting without a jury on July 6, 1995. On July 5, 1995, the jury returned the following verdicts: (1) in favor of Gregory Franz on the claim of sex discrimination, but with no lost wages or benefits; (2) in favor of Gregory Franz on the claim of age discrimination with damages in the amount of $290,000 and a finding that at least one defendant's conduct was willful; (3) in favor of Gregory Franz on the claim of discrimination under the ADA with damages in the amount of $185,000; and (4) in favor of Sherry Franz on the claim of loss of consortium with damages in the amount of $25,000.
[2] Plaintiffs characterized it as a motion for judgment notwithstanding the verdict. However, the Court will refer to it as a motion for judgment as a matter of law in accordance with Fed.R.Civ.P. 50.
[3] In Schulte, the plaintiff's loss of consortium claim was also dismissed as time-barred under the statute of limitations.
[4] Plaintiffs argue because the age discrimination claim was also based on the MHRA, part of the damages awarded on this claim was intended to compensate Gregory Franz for the emotional distress he suffered as a result of the defendants' violation of state law. However, the instructions on age discrimination contained no mention of emotional pain and suffering as factors to be considered by the jury in determining damages.
[5] Plaintiffs do not dispute that the City of O'Fallon employs between 100 and 201 employees.