## United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 96-3158

Jason Ray,  *
 *
    Plaintiff/Appellee,  *
 *
v.  *  Appeal from the United States
 *  District Court for the District of
Wal-Mart Stores, Inc.,  *  North Dakota Northwestern Division.
 *
    Defendant/Appellant.  *

Submitted: March 14, 1997

Filed: July 25, 1997

Before MAGILL,[1] MURPHY, Circuit Judges, and GOLDBERG,[2] Judge.

GOLDBERG, Judge.

    Jason Ray slipped and fell on a small puddle of undiluted liquid handsoap in a public restroom of a Wal-Mart store in Minot, North Dakota. As a result of his fall, Ray now suffers from two permanent vision disorders, and he is no longer physically qualified to perform his former job as an air traffic controller for the United States Air Force. Ray brought this diversity action against Wal-Mart to recover damages for his injuries, claiming that Wal-Mart Stores, Inc. ("Wal-Mart") caused the accident when it failed to take reasonable steps to keep the restroom hazard-free.

---

[1]The Honorable Frank J. Magill, was an active judge at the time that this case was submitted and assumed senior status on April 1, 1997, before the opinion was filed.

[2]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

After a trial, the jury found Wal-Mart partially at fault for the accident and awarded Ray $11,856 for past economic damages and $216,909 for future economic damages, for a sum of $228,765 in damages.  After the trial court entered judgment on the verdict, Wal-Mart moved for judgment as a matter of law, or in the alternative, a new trial.  The trial court denied both motions.[3]  Wal-Mart appeals.  It argues that Ray failed to prove that Wal-Mart's negligence was a proximate cause of his injury, and that the trial court abused its discretion when it admitted testimony on future economic damages.  We affirm the judgment of the trial court.

Wal-Mart first argues that the trial court should have granted its motion for judgment as a matter of law because Ray failed to prove that an act or omission by Wal-Mart was a proximate cause of his accident. Instead, Wal-Mart contends that it was "[i]n effect, . . .  held to the legal standard of <u>res</u> <u>ipsa</u> <u>loquitur</u>" because the trial court improperly admitted the expert testimony of Dr. Stephen Rosen on how frequently a business like Wal-Mart should inspect its restrooms.  Appellant's Br. at 4-5, 18.

We review the trial court's denial of a motion for judgment as a matter of law de novo.  <u>Butler v. French</u>, 83 F.3d 942, 943 (8th Cir. 1996). In so doing, we  analyze "the evidence in the light most favorable to the prevailing party . . . ."  <u>Id.</u> (internal quotations omitted) (citations omitted).  We review the trial court's decision to admit Dr. Rosen's testimony for an abuse of discretion.  <u>Loudermill v. Dow Chem. Co.</u>, 863 F.2d 566, 569 (8th Cir. 1988).

Under North Dakota law, proximate cause is "that cause which, as a natural and continuous sequence, unbroken by any controlling intervening cause, produces the injury, and without which it would not have occurred." <u>Andrews v. O'Hearn</u>, 387

---

[3]The Honorable Patrick A. Conmy District Judge for the United States District Court of North Dakota Northwestern Division.

N.W.2d 716, 727 (N.D. 1986) (internal quotations omitted) (citations omitted). It "'arises when the injury is the natural and probable result of the negligent act or omission and must be of such character as an ordinarily prudent person ought to have foreseen as likely to occur . . . .'" Reagan v. Hi-Speed Checkweigher Co., 30 F.3d 947, 949 (8th Cir. 1994) (quoting Moum v. Maercklein, 201 N.W.2d 399, 402 (N.D. 1972)).

Here, the theory of Ray's case is that Wal-Mart breached its duty to maintain its store in a reasonably safe manner when it failed to implement and to practice a regular program to inspect its restrooms.[4] Ray argues that it was foreseeable that this failure would decrease Wal-Mart's ability both to detect and to ameliorate hazardous floor conditions, and thereby increased the risk of slip and fall accidents similar to his.

To prove his case, Ray offered the expert testimony of Dr. Rosen. According to Dr. Rosen, a visual sweep of the restrooms every half-hour to an hour is necessary in order to prevent slip-and-fall accidents. He further opined that Wal-Mart's inspection program was inadequate, and inferior to industry standards. Wal-Mart contends that this testimony should have been excluded for two reasons: first, because it lacked sufficient foundation; and second, because it "provided the jury with an incorrect legal standard--res ipsa loquitur--on which to assess the evidence." Appellant's Br. at 18. We find neither argument compelling.

First, we note the that "the factual basis of an expert opinion [generally] goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Loudermill, 863 F.2d at 570 (citations omitted). While we have recognized that in some instances an

---

[4]Under North Dakota law, "[a]n occupier of premises must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk." Holter v. City of Sheyenne, 480 N.W.2d 736, 738 (N.D. 1992) (quoting O'Leary v. Coenen, 251 N.W.2d 746, 751 (N.D. 1977).

expert opinion may be "so fundamentally unsupported that it can offer no assistance to the jury . . . [and] should not be admitted," id. at 570 (citation omitted), this is not such an instance. Dr. Rosen has testified as a qualified expert in thirty-five states, including North Dakota, investigated over 4,000 slip-and-fall accidents, and testified at least 550 times in cases involving slip-and-fall accidents.

Second, we note that Ray was able to draw on the conflicting testimony of Wal-Mart's own witnesses to demonstrate that Wal-Mart did not have a regular procedure for inspecting its restrooms. For example, Wal-Mart employee Gordon Evenson testified that he usually cleaned restrooms before 8:30 a.m., and that he would usually inspect the restrooms between 1:00 p.m. and 2:30 p.m. unless he was occupied with another task. However, Lee Harris, the store manager, testified that the restrooms were inspected every two to four hours, while Dan Conroy, the assistant store manager, testified that the restrooms were inspected on an unscheduled basis, usually determined by customer complaints. On the basis of this testimony, the jury could have concluded that Wal-Mart did not regularly inspect it restrooms which, in turn, created an unreasonable risk of slip-and-fall accidents.

We find that Dr. Rosen's testimony did not unfairly affect the jury deliberations, nor did it transform the theory of Ray's case into one with a res ipsa loquitur standard. Rather, we find that his testimony offered the jury a framework to assess whether Wal-Mart breached its duty of care to its customers. Moreover, the trial court clearly and correctly instructed the jury on the essential elements of a negligence claim. In particular, it stated that Ray had the burden of proof for each element of his claim, and it cautioned the jury that "[t]he mere fact that an accident happened, standing alone, does not permit the jury to draw an inference that the accident was caused by anyone's negligence." Final Instructions at F-10. Consequently, we cannot conclude that the trial court abused its discretion when it admitted Dr. Rosen's testimony. Accordingly, we conclude that Wal-Mart was not entitled to judgment as a matter of law.

In the alternative, Wal-Mart argues that the trial court erroneously admitted the expert testimony of Dr. Daniel Knighton on the issue of future damages, and that a new trial is therefore warranted. Dr. Knighton testified that Ray had suffered future economic damages of $694,899.00 because the accident rendered him unable to pursue his career goal of becoming a civilian air traffic controller. Wal-Mart contends that the civilian air traffic controller industry is very competitive, and that these positions are extremely difficult to obtain. Thus, because Ray was neither certified nor employed as civilian air traffic controller at the time of the accident, Wal-Mart claims that Dr. Knighton's testimony was prejudicial, highly speculative, and without foundation.

We review the trial court's decision to admit Dr. Knighton's testimony in spite of the objections of Wal-Mart for an abuse of discretion, noting that "[a] new trial is required only when necessary to avoid a miscarriage of justice." Gearin v. Wal-Mart Stores, Inc., 53 F.3d 216, 219 (8th Cir. 1995) (per curiam) (citing McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1400 (8th Cir. 1994)). Applying this standard, we conclude that a new trial is unwarranted because Wal-Mart has failed to demonstrate that Dr. Knighton's testimony led to a miscarriage of justice; while Dr. Knighton testified that Ray's future economic damages were $694,899.00, the jury only awarded future economic damages of $216,909.00. We are unconvinced that one figure is related to the other. Thus, if it was an error for the trial court to admit this testimony, the error was harmless. See Fed. R. Civ. P. 61; McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553-54 (1984); Farmland Indus., Inc. v. Morrison-Quirk Grain Corp., 54 F.3d 478, 483 (8th Cir. 1995). Accordingly, a new trial is unwarranted, and we affirm the decision of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.