**Melissa LANCASTER and Tim Lancaster, Plaintiffs,**

v.

**SHEFFLER ENTERPRISES, d/b/a McDonalds, et al., Defendants.**

No. 97–4265–CV–C–SOW.

United States District Court,
W.D. Missouri,
Central Division.

Sept. 3, 1998.

---

Ronald McMillin, Carson & Coil, Jefferson City, MO, for plaintiffs.

Michael E. Waldeck, Kevin J. Driscoll, Niewald, Waldeck & Brown, Kansas City, MO, for defendants.

## ORDER

WRIGHT, Senior District Judge.

Before this Court is the defendants' Motion for Summary Judgment (Doc. # 50). For the reasons discussed below, the Motion is denied.

### I. *Background*

Plaintiffs Melissa and Tim Lancaster brought suit against Sheffler Enterprises, d/b/a McDonald's, based upon allegations of sexual harassment encountered by Melissa Lancaster while she was an employee of the defendants. Plaintiffs' claim is brought under Title VII and the Missouri Human Rights Act, as well as state law claims of intentional infliction of emotional distress and loss of consortium. Defendants seek summary judgment on all of the plaintiffs' counts.

### II. *Standard*

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Rafos v. Outboard Marine Corp.*, 1 F.3d 707,

708 (8th Cir.1993) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). A defendant who moves for summary judgment has the burden of showing that there is no genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A plaintiff opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings, "but must set forth specific facts showing there is a genuine issue for trial." *Id.* The Eighth Circuit has stated that summary judgment is an extreme remedy and "should be seldom used in cases alleging employment discrimination." *Cummings v. Roberts*, 628 F.2d 1065, 1068 (8th Cir.1980) (citations omitted); *Johnson v. Minnesota Historical Soc'y.*, 931 F.2d 1239, 1244 (8th Cir.1991) (citations omitted).

### III. *Discussion*

Defendants raise the following arguments:

A. Egregious Nature of Work Environment;

B. Medically Diagnosable Injury and Pre-existing Injury;

C. Lack of Notice; and

D. Husband's Derivative Claim.

Each of the defendants' four arguments will be discussed individually below.

### A. *Egregious Nature of Work Environment*

Defendants first claim that the alleged comments do not amount to a hostile work environment.

The Supreme Court has recently clarified the standard by which an egregious hostile work environment is to be judged:

[I]n order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. 510 U.S., at 21–22, 114 S.Ct., at 370–371. We directed courts to determine whether an environment is sufficiently hostile or abusive by "looking at all the circumstances," including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*, at 23, 114 S.Ct., at 371. Most recently, we explained that Title VII does not prohibit "genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex." *Oncale [v. Sundowner Offshore Services, Inc.]* 523 U.S. [——] at ——, 118 S.Ct. [998] at 1003 [140 L.Ed.2d 201 (1998)]. A recurring point in these opinions is that "simple teasing," *id.*, at ——, 118 S.Ct., at 1003, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment."

*Faragher v. City of Boca Raton,* —— U.S. ——, ——, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998).

■ Defendant presented several facts, that if read alone, would seem to place the plaintiffs' claim in the "simple teasing" category. However, the plaintiffs set forth additional facts that raise genuine issues of material fact. References to having sex with the plaintiffs' unborn child, if proven true, are undoubtedly hostile, abusive and extremely serious. In viewing "all of the circumstances," the sexual comments alleged by the plaintiff amount to much more than "isolated incidents." *See id.* As such, the defendants' argument is denied.

### B. *Medically Diagnosable Injury & Pre-existing Injury*

■ Defendants next claim that plaintiff Melissa Lancaster's injuries are undiagnosable due to pre-existing injuries. The plaintiff's treating physician, Dr. Glenna Burton, was initially hired by the defendants. Plaintiff has a history of abuse by her father and uncle. However, Dr. Burton has issued an opinion that plaintiff's "post-traumatic stress disorder, depression and panic disorder" are the result of her experiences at McDonald's. Additionally, the Eighth Circuit has indicated that defendants take their victims as they find them and experts should be allowed to testify regarding the injuries. *Jenson v.*

*Eveleth Taconite Co.,* 130 F.3d 1287, 1294–96 (8th Cir.1997). Given the doctor's opinion and the Eighth Circuit ruling, the defendants' argument is denied.

### C. *Lack of Notice*

■ Defendants argue that they are entitled to summary judgment due to the defense provided for in the United States Supreme Court cases of *Burlington Industries, Inc. v. Ellerth,* —— U.S. ——, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton,* —— U.S. ——, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Defendants cite to the portion of the opinions dealing with the defense, yet ignore the part that explains the holding.

An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed.Rule Civ.Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. While proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense. And while proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing an unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense. No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment. *See Burlington, ante,* —— U.S., at ——, 118 S.Ct., at 2269.

*Faragher v. City of Boca Raton,* —— U.S. ——, ——, 118 S.Ct. 2275, 2292, 141 L.Ed.2d 662 (1998).

Defendants claim that summary judgment should be granted based upon the two-part defense. Under both parts of the defense, a genuine issue of material fact exists that defeats summary judgment.

■ Under the first step, McDonald's had a sexual harassment policy, but there appears to be no evidence of the employer exercising reasonable care to prevent sexual harassment. *See Burlington Industries, Inc. v. Ellerth,* —— U.S. ——, ——, 118 S.Ct. 2257, 2270, 141 L.Ed.2d 633 (1998). Simply forcing all new employees to sign a policy does not constitute "reasonable care." The employer must take reasonable steps in preventing, correcting and enforcing the policy. *Id.* Reasonableness requires more than issuing a policy. *See Faragher,* —— U.S. at ——, 118 S.Ct. at 2293 (holding that defendants' practice of not keeping track of the conduct of supervisors was, as a matter of law, unreasonable, therefore disqualifying the defendants from raising the defense).

■ The second step of the defense also contains a genuine issue of material fact. Defendants argue that the owner of the McDonald's, Leonard Sheffler, did not have notice of the alleged events due to the failure of the plaintiff to use the policy. In order for the defendants to successfully argue the defense, they must prove that the employee unreasonably failed to follow the sexual harassment policy. *Id.* Two individuals in supervisory capacities knew of the alleged sexual harassment, Brad Stephens and Heather Alley. Plaintiff has alleged that managers played a role in the harassment. According to the owner, these employees had the authority to hire, fire and discipline employees. The evidence shows that Larry Sheffler spent the majority of his time at his three Sedalia stores. The plaintiff worked at the Columbia, Missouri store. Since the

plaintiff complained of the harassment to store management and her isolation from upper-management, the defense must fail. *See Faragher,* —— U.S. at ——, 118 S.Ct. at 2293 (finding that the plaintiff was "isolated from the [defendant's] higher management").

### D. *Husband's Derivative Claim*

■ Defendants' final argument is that since the husband's claim is premised on the wife's claim, his claim must fail if the rest of the case is dismissed. *See Franz v. Kernan,* 951 F.Supp. 159, 162 (E.D.Mo.1996). Since the wife's claims were not dismissed, the husband's claim survives as well.

### IV. *Conclusion*

Based on the above discussion and the genuine issues of material fact that remain unresolved, the defendants' Motion for Summary Judgment is denied.

Accordingly, it is hereby

ORDERED that defendants' Motion for Summary Judgment (Doc. # 50) is denied.