# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1713WA

_____

| | | |
|---|---|---|
| Brenda Sanders, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Arkansas. |
| Alliance Home Health Care, Inc., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 15, 1999

Filed: January 27, 2000

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and MELLOY,[1]
    District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.


    Plaintiff, Brenda Sanders, filed suit under 42 U.S.C. § 2000e-2, *et seq.*, alleging
that defendant, Alliance Home Health Care, had fired her because of her race and her

_____

[1]The Hon. Michael J. Melloy, United States District Judge for the Northern
District of Iowa, sitting by designation.

religion. After a bench trial, the District Court[2] found in favor of the plaintiff on her claim of race discrimination. Alliance Home Health Care now appeals that decision. We affirm. The District Court's findings are not clearly erroneous.

## I.

The defendant is a provider of home healthcare services. The plaintiff, a registered nurse, was Branch Manager of defendant's Gurdon, Arkansas, office. As a Branch Manager, the plaintiff's administrative duties included supervising and disciplining nurses within her branch. The plaintiff is black. The plaintiff's two supervisors were Fred Harris, defendant's Administrator and Vice-President, and Bobbie Fuller, defendant's Director of Nursing.

At trial, Ms. Fuller testified that she had three major problems with plaintiff's performance. First, she claimed that plaintiff had failed to conduct proper in-home supervisory visits as required by federal and state regulations. Ms. Fuller testified that the plaintiff performed some supervisory-aide visits by telephone, and once even flagged down a patient at roadside. Second, Ms. Fuller testified that the plaintiff instructed Lola Box Powell, a home health aide, to falsify a work report. Third, Ms. Fuller testified that the plaintiff instructed Mary Edwards, defendant's Quality Management Coordinator, to obtain a check from a patient for medical supplies. This would have been a violation of Medicare regulations.

The plaintiff denied Ms. Fuller's allegations. She testified that there had been times when she did not go into a patient's home to perform supervisory-aide visits, but denied that she performed these visits by telephone or that she flagged down a patient on the roadside. She denied that she had instructed Ms. Powell to falsify a report, and

---

[2]The Hon. Harry Barnes, United States District Judge for the Western District of Arkansas.

denied that she had instructed Ms. Edwards to obtain a check for medical supplies. Ms. Powell testified that the plaintiff never instructed her to falsify work reports, and Ms. Edwards testified that the directive to obtain a check from a patient for medical supplies came from defendant's Prescott office, not from the plaintiff.

Ms. Fuller set up a meeting with the plaintiff to discuss these alleged performance deficiencies. Earlier that same day, Ms. Fuller had consulted Mr. Harris, and received his approval to terminate the plaintiff's employment. At trial, Mr. Harris testified that to his knowledge, the plaintiff had performed her job satisfactorily up to discharge. There was no prior documentation of any problem with plaintiff's performance. Ms. Fuller testified that after her meeting with the plaintiff, she concluded that the plaintiff's attitude was that she would not try to comply with regulations. Ms. Fuller then summarily terminated the plaintiff's employment.

At trial, the plaintiff introduced evidence that two white employees committed more serious violations of company policy, yet received lesser punishments. One, Pam Kuyper, was a registered nurse who on numerous occasions failed to record her nurse's notes in timely fashion. Although both Ms. Fuller and Mr. Harris were aware of this violation of defendant's policy, Ms. Kuyper was not disciplined. Ms. Kuyper served as Interim Branch Manager after the plaintiff was terminated. After Ms. Kuyper finished her term as Interim Branch Manager, and returned to working as a registered nurse, she was caught stealing a patient's narcotic pain killer and replacing it with Tylenol. She was reported to the Arkansas Board of Nursing and given an administrative leave. After three months, she was allowed to return to work as a nurse with the defendant. The other, Tasha Davis, was a registered nurse and Branch Manager in defendant's Arkadelphia office. She consistently failed to document patient reactions to instructions and failed to complete a skilled-needs discharge plan. Ms. Fuller gave her a written reprimand, but her employment was not terminated.

The District Court found that the reasons that the defendant offered for termination were not the true reasons, and that plaintiff had been fired because of her race. The Court awarded front and back pay, for a total judgment of $33,466.84. The District Court also awarded attorneys' fees in the amount of $20,613.75.

I.

On appeal, the defendant argues that the District Court erred in finding that it discriminated against plaintiff because of her race, and erred in its award of front pay.

We review the District Court's finding of intentional discrimination for clear error. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 524 (1993). We need not review the adequacy of the evidence at each stage of the McDonnell Douglas analysis; rather, our review concentrates on whether the record supports the ultimate finding of discrimination. See U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 714-16 (1986). As there was substantial support in the record for the finding of intentional discrimination, we hold that the District Court was not clearly erroneous in finding for the plaintiff.

There is no sufficiently clear reason to say that the District Court made a mistake in refusing to believe Ms. Fuller's reasons for terminating the plaintiff. The record reveals no corroboration, in the form of testimony or written documentation, that the plaintiff committed the acts that Ms. Fuller claimed she did. As the trier of fact with an opportunity to observe the witnesses' demeanor, the District Court could rationally believe Ms. Powell's and Ms. Davis's testimony over Ms. Fuller's.

The record also supports the District Court's finding that Ms. Kuyper and Ms. Davis were similarly situated white employees who were treated differently from the plaintiff. The District Court did not err in concluding that both Ms. Kuyper and Ms. Davis committed acts of comparable or greater seriousness. The plaintiff's, Ms.

-4-

Kuyper's, and Ms. Davis's alleged job deficiencies were all related to patient supervision and administration; further, the drug allegations against Ms. Kuyper were even more severe than the allegations against the plaintiff. Although the issue was not completely free from doubt, the evidence also supports the District Court's finding that Ms. Kuyper and Ms. Davis were, like the plaintiff, under the supervision of Ms. Fuller and Mr. Harris.

III.

We next address the defendant's argument that the District Court erred in granting the plaintiff front pay. We review the District Court's award for abuse of discretion. See MacDissi v. Valmont Industries, 856 F.2d 1054, 1057 (8th Cir. 1988). The defendant argues that its Gurdon office was closed in September of 1998 because of revenue losses, and that therefore the plaintiff could not have continued her employment there as Branch Manager in any event.

This argument has no merit. While she was working for the defendant, plaintiff did not live in Gurdon. Rather, she lived in Camden. She was already commuting to work. She could have been transferred to a different existing Alliance Home Health Care office, such as the Hope office or the Prescott office. Therefore, the District Court did not abuse its discretion in awarding front pay in a relatively modest amount.

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-