# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-4087/99-2057

_____

| | | |
|---|---|---|
| Margaret Holmes, | * | |
| | * | |
| Appellee/Cross Appellant, | * | Appeals from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Delta Memorial Hospital, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant/Cross Appellee. | * | |

_____

Submitted: August 3, 2000
Filed: August 8, 2000

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After thirty-four years of satisfactory service, Margaret Holmes, an African-American, was terminated from her position as a certified nurse's assistant at Delta Memorial Hospital because she failed to clock out before leaving the hospital for ten minutes during her lunch break for a legitimate reason. Two days prior to her termination, Holmes had criticized two white nurses, one of whom was her immediate supervisor, for their treatment of an African-American patient, and these two nurses were influential in persuading Delta's Chief Nursing Officer to terminate Holmes.

Holmes filed this action against Delta, claiming it violated 42 U.S.C. § 1981 by terminating her because of her race. Following a bench trial, the district court[1] found that Holmes had proved a prima facie case of race discrimination, that Delta's stated reason for the termination was pretextual, and that Delta had intentionally discriminated against Holmes because of her race. The court awarded Holmes $15,000 in compensatory damages and attorney's fees of $5,750.

Delta appeals the verdict for Holmes, and Holmes cross-appeals the fee award. After careful review of the record, we conclude the evidence was more than sufficient to support the district court's ultimate finding of intentional discrimination. See Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2108 (2000); Sanders v. Alliance Home Health Care, Inc., 200 F.3d 1174, 1176 (8th Cir. 2000). As to the fee award, the district court applied the familiar lodestar analysis, determining a reasonable hourly rate and the number of hours reasonably expended for a case of this difficulty and complexity. Although Holmes's counsel requested a higher hourly rate and argued that more hours were reasonably expended, we conclude the district court's fee award was not an abuse of its substantial discretion. See Thorne v. Welk Inv., Inc., 197 F.3d 1205, 1213 (8th Cir. 1999) (standard of review); Polacco v. Curators of Univ. of Mo., 37 F.3d 366, 370 (8th Cir. 1994). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE JAMES MAXWELL MOODY, United States District Judge for the Eastern District of Arkansas.